STEELE *vs.* FISHER and others.

---

A husband conveyed real estate in fee, without his wife's joining. After-wards, by will, he bequeathed to the wife a third of the remainder of his real and personal estate " *as and for her right of dower*, during her life." She accepted it: *Held*, that it was a relinquishment of her claim for dower out of the realty which had been conveyed by the husband alone, as well as of the lands whereof the husband was seised at the time of making his will.

---

THE bill in this cause was filed for the partition of certain lands which one Abraham Van Gelder, the former husband of the defendant, Martha, now the wife of Solomon Wheeler, aliened during marriage, without her having been a party to the deed of conveyance.

Subsequent to the alienation, her husband, Van Gelder, made his will. It contained the following clause: " I give and be-" queath unto my beloved wife, Martha, all my household fur-" niture. *And also I give and bequeath unto her, my said wife,* " *one third of all the remainder of all my real and personal* " *estate, as and for her right of dower during her life.*"

He died leaving this will unrevoked; and the wife, now Martha Wheeler, accepted of the provision under it. But she claimed dower in the real estate so previously alien-ed; and the question therefore was, whether the bequest in the will amounted to a bar of her dower in such aliened lands as well as in those of which her then husband died seised?

Mr. *G. G. Van Wagenen*, for the complainant.

Mr. *J. Leveridge*, for the defendants Wheeler and wife.

THE VICE-CHANCELLOR. The words of the will are un-doubtedly sufficient to put the widow to her election. The

provision there made for her was intended as a substitute for dower. It is clearly so expressed. She could not take under the will and likewise assert a general claim for dower. This is conceded. But it is contended that the provision which she thus accepted was only a substitute for dower in the estate which the husband had at the time of making the will; and has no bearing upon the right of dower in property previously conveyed or in lands which the husband may have acquired subsequent to the making of the will.

No case is to be found in the books where the distinction here taken has prevailed ; and it is difficult to perceive upon what foundation it can be supported: unless there is something in the bequest to show it was intended as a substitute for dower only in some particular parts or portions of the real estate whereof the husband had been seised, and not in the whole to which the right would ordinarily attach.

In the case of *Hall* v. *Hall,* 2 *McCord's Ch. Reports,* 269, the above distinction is adverted to in respect of property acquired by a husband *after* making his will. There, the testator had made certain provisions in his will for his wife, and which he declared " should be taken in lieu and bar of all claim of " dower, inheritance or any other claim on her part." On an application, by the executors, for an order to sell the after-acquired real estate which did not pass by the will, but descended to the heirs at law, the question arose, whether the widow was excluded from her distributive share of such property, she having accepted the provision made for her by the will, (real estate undevised being placed by the statute laws of South Carolina upon the same footing as personalty and, as such, distributable to the widow and next of kin.) The question in that case involved the doctrine of election, which was elaborately discussed, and the numerous decisions upon the subject were ably reviewed. Chancellor *De Saussure* held, that the widow was not excluded by the will from her distributive share of the after-acquired property ; but intimated an opinion of her being barred of dower, because, as he says, she had an inchoate right of dower in the land acquired after making the will, and the will expressly makes a provision for

her in bar of dower; not so, however, with regard to her right as distributee, which was not an inchoate right: for the husband might have disposed of the land from her. He did not dispose of it and her right as distributee arose only at his death; the assertion of which right could not, therefore, be said to disappoint the will, since the will had no relation to the property afterwards acquired, and which the testator could not have had even in contemplation when he made the will. His reasoning on the subject appears to be sound and conclusive; and this decree which he made as to the widow's distributive share was affirmed on appeal. We find, however, that *Colcock, J.*, in delivering the opinion of the court of appeals, differed from the Chancellor on the point of the wife's being barred of dower in such cases, although it was not a question before them to be decided. He expressed himself to this effect: (after examining the case of *Ward* v. *Ward, Ambl.* 299,) that he never would assent to the doctrine of a widow's being barred of dower in after-acquired property by the acceptance of a provision under a will expressed to be given in lieu of dower. The question, therefore, so far as dower in after-acquired property is concerned, may still be regarded an open question in that state.

Such, however, is not the question now before me. Here, the husband conveyed real estate in which his wife had an incipient right of dower. And, with a full knowledge of her being at liberty to enforce her legal rights, he made his will, giving to·her certain parts of his estate, and declaring such gift to be " as and for her right of dower." The " right of dower" here mentioned must be understood to mean the whole right which she would have or be entitled to upon his death; and that right the husband had power to control, so far as to compel her to elect between what the law would permit her to take and the provision which he might think proper to make for her by the will.

In *Power* v. *Shiel*, 1 *Beatty's Rep.* 50, the late able Lord Chancellor of Ireland, in speaking on this subject, remarks, that whoever purchases from a married man an estate of inheritance, has notice that the vendor's wife may have a claim

to dower, but the husband may protect his heir or vendee, either by a contract with the wife before marriage or by substituting some provision for her in lieu of dower, which may induce her to disclaim it.

Upon this idea, it may well be supposed, that the defendant's former husband intended, by his will, to protect the purchasers of the property in question from her claim of dower, and that her acceptance under the will is a virtual relinquishment of such claim.

It would involve the law in an absurdity, if, under such circumstances, a widow was permitted to say, that a substitute for dower should only be so in regard to a portion of the property to which it attached, leaving another portion unprotected, notwithstanding the substitute was intended for the whole and entire right.

I am of opinion the defendant, Mrs. Wheeler, is effectually barred of her dower in the premises whereof partition is now sought.