## ALLEN *vs.* PRAY.

The acceptance, by a widow, of the provisions made for her in the will of her husband, constitutes a bar to her claim of dower in lands aliened by him during coverture; such claim of dower appearing to be inconsistent with the provisions of the will.

THIS action, which was brought by the plaintiff to recover her dower in certain lands, grist mill and mill privileges, was submitted to the Court, upon an agreed statement of facts, that part of it relating to the questions raised, being as follows : —

*Elisha Allen,* the husband of the demandant, on the 16*th* day of *May,* 1831, being then legally seised in fee of the premises, conveyed them by deed of warranty to his son, *Francis A. Allen ;* and on the 11*th* of *June,* following, said *Francis* made and executed to his father, an instrument under his hand and seal, wherein he covenanted with said *Elisha,* that " neither he, his heirs, executors or administrators would ever claim from the said *Elisha's* heirs, devisees, executors or administrators, any damage or compensation on any covenant of warranty in said deed contained, by reason of said *Elisha's* widow claiming or taking her dower in the premises described in said deed, or any part thereof."

On the 18*th* of *May,* 1831, said *Elisha Allen* made his last will and testament in writing, which was duly proved, approved and allowed by the Probate Court for this County, *October 3d,* 1831, he having died the 1*st* of *August,* preceding.

The devise, in this will, to the demandant, was as follows : — " One third part of all my real estate, during her natural life ; " also, one third part of all my personal estate to hold to her " heirs and assigns, forever."

The remainder of his estate he devised to his children and grandchildren. The whole estate was divided by order of the Court of Probate, among the devisees, according to the terms of the will ; the demandant entering into possession of that portion of the estate assigned her, which she had ever since held. She also received her distributive share of the personal estate, according to the terms of the will, so far as the executor had been thereto ordered, on the settlement of his accounts in the Probate Court.

After the death of said *Elisha Allen*, his son, *Francis A. Allen*, by agreement with the demandant, rendered to her one third part of the nett income of the grist mill, until *April*, 1833, when he sold with warranty to the defendant, reserving the right of the demandant to her dower therein.

For a short time after this purchase by the tenant, he also rendered to the demandant one third part of the income of the grist mill; but subsequently refused either to do that or to assign dower.

If, upon these facts, the opinion of the Court should be, that the action was maintainable, the defendant was to be defaulted, and a commissioner was to be appointed by the Court, to assess the damages; otherwise the demandant was to become nonsuit.

*N. D. Appleton*, for the demandant, to show the foundation and extent of the widow's rights, both at common law and under the statutes, cited 2 *Black. Com.* 129; 4 *Kent's Com.* 35; *Maine Stat. ch.* 37, *sec.* 6; *ch.* 38, *sec.* 18; *ch.* 37, *sec.* 2; *ch.* 60, *sec.* 27; *ch.* 51, *sec.* 25.

2. The demandant is not barred of her claim of dower, by the provisions of the will. In order that a testamentary provision should have this effect, it must appear in *express terms* to be *in lieu* of dower; or such intention must be deduced by clear and manifest implication from the will, founded on the fact, that the claim of dower would be inconsistent with the will, or so repugnant to its dispositions as to disturb and defeat them: 4 *Kent's Com.* 58; 2 *Black. Com.* 138; *Co. Litt.* 36 *b. Harg. notes; Cruise Dig. Tit. Dower; Lawrence* v. *Lawrence*, 1 *Ld. Raym.* 438. In this case it was manifestly the intention of the testator, that the widow should have her dower, demanded in this action, in addition to the provision in the will. This appears by the obligation which he took from *Francis A. Allen*.

3. But the widow's right of dower in the real estate of her husband, aliened by him in his lifetime, is expressly reserved to her, in the statute directing the mode of transferring real estate, *Maine Stat. ch.* 36, *sec.* 2. The right thus reserved by the statute, is independent of the power of the husband. And the language of the statute, *ch.* 38, *sec.* 15, which provides, that " the widow may, in all cases, waive the provision made for her in the

will of her deceased husband, and claim her dower and have it assigned, as if her husband died intestate," must be understood as having relation to the estate of which the husband died seised, and is under the jurisdiction of the Probate Court.

On the death of the husband, the widow has a right *immediately* to demand her dower in an estate conveyed by him during the coverture ; she not having signed the deed, or otherwise released her dower. Can her claim in such case, be made to depend upon the contingency of her accepting the provisions made for her in the will, a decision upon which she may delay for years ?

4. The demandant has never accepted the provisions made for her in the will, in lieu of dower. At the very time that she accepted of the devise, she was claiming and enjoying one third of the income of the estate in which dower is demanded. This fact is sufficient to negative any inference that she accepted the devise in lieu of dower. *Wake* v. *Wake*, 3 *Broke*, 255 ; 1 *Cruise, ch.* 5.

5. The tenant is *estopped* to deny the demandant's right of dower, by the express reservation in his deed from *F. A. Allen. Nason* v. *Allen*, 6 *Greenl.* 244, and cases there cited ; 3 *Johns. Cas.* 174 ; 5 *Dane's Abr. ch.* 160, *a.* 1.

6. The tenant, being a *stranger* to the will of *Allen*, the testator, has no right to contest with the demandant, the question whether she has accepted the provision made for her or not. He does not hold under the will, nor is he affected by any of its provisions. *Pixley* v. *Bennett*, 11 *Mass.* 298.

*Hayes*, argued for the tenant, citing 4 *Kent's Com.* 56 ; 4 *Dane's Abr. ch.* 130, *a*, 88; *Hannah Currier, Appellant, &c.* 3 *Pick.* 375; *Reed* v. *Dickerman*, 12 *Pick.* 150 ; *Perkins* v. *Little & al.* 1 *Greenl.* 148 ; 1 *Cruise Dig. Tit.* 6, *ch.* 5, *sec.* 22, 32, 33 ; *Brackett* v. *Leighton*, 7 *Greenl.* 383. His several positions were sustained by the opinion of the Court, which was, at a subsequent term, delivered by

WESTON C. J. — By the English law, a provision made for the widow, by will, and an acceptance of it by her, is no bar to her common law right of dower, unless it be expressed in the will to be in lieu of dower, or the enjoyment of it will be inconsistent with its provisions. The testator gives estate, real and

personal, to his widow ; that is to say, one third of his real estate during her natural life, and the entire property in one third of his personal estate. The remainder of his estate, he bestows upon his children and grandchildren. What is the remainder, after one third is withdrawn ? There can be but one answer, the other two thirds ; to which is to be added the reversion expectant, upon the determination of the widow's life estate. If, besides the testamentary interest of one third, she is to be allowed dower, instead of a remainder of two thirds for the children and grandchildren, there will remain one third, or four ninths, if her testamentary interest contributes to dower. This claim, therefore, clearly disappoints the will, and is inconsistent with it.

Every devisee must confirm the will in toto, if he claims any interest under it ; and must consequently forfeit such interest, if he impeaches or interrupts any part of it. **6 *Cruise*, *Tit.* 38, *ch*. 2.**

But it is urged, that there will be no inconsistency, if the widow waives her dower in the real estate, of which her husband died seised ; that this is all which can be required of her, and that this part of her dower she has never claimed. But we cannot regard the title of dower, as possessing this divisible character. It must be allowed generally, or withheld generally. If the right of dower, to the extent allowed by the common law, be inconsistent with the will, if the widow would enjoy the one, she must waive or relinquish the other. But the claim of dower, besides diminishing the remainder of the real estate otherwise devised, may diminish also the personal estate bequeathed to the children and grandchildren. It will be held to make good to the grantees of lands, conveyed by the testator, in his life time, by deeds of warranty, any damage to which they may be subjected, by the claim and assignment of dower. The tenant, by the deed he accepted, may have precluded himself from any remedy ; but no such reservation can be presumed to have qualified other deeds of conveyance, made by the testator.

In *Perkins* v. *Little*, 1 *Greenl.* 148, the testator had devised to his widow one third part of his real estate, during her life ; and after providing for the payment of his debts, and giving certain legacies to his children, he bequeathed to her one third part

of the residue of his personal estate.    The widow, who had able counsel, did not claim to hold under the will and her dower also, although as fairly entitled to do so as the demandant here, but contended that the dower to be allowed her under the statute, ought to be extended, so as to embrace a third part of the personal estate, which was not allowed.

In this State and in *Massachusetts*, the widow is by statute entitled to dower, if she relinquish the provision made for her in the will.    The implication is very strong, that she is not otherwise to have her dower ; although the construction is not to be carried so far, if dower is consistent with the will.    But in *Reed* v. *Dickerman*, 12 *Pick*. 146, the Supreme Court of *Massachusetts* have held, that under the statute, the provision made by the will, instead of being presumed to be a bounty in addition to dower, according to the English rule, will be presumed to have been given instead of dower, unless the enjoyment also of that clearly appear to be consistent with the will.

There is no latent ambiguity in the will in question, arising from its application to the property, upon which it operates.    The intention of the testator must therefore be gathered from that alone ; and cannot be affected by other instruments, to which he may have been a party.

We are all of opinion, that the claim of dower, being inconsistent with the provisions of the will, which, so far as they are for her benefit, she has not waived, she cannot maintain the present action.

*Demandant nonsuit.*