EDMUND RAINES, plaintiff in error, vs. SAMUEL P. CORBIN
and wife, defendants in error.

A testator, after giving to his wife, a large part of his property, said: "This
devise and bequest of the foregoing property, real and personal, to be in lieu
and in bar of dower, and of the usual allowance to widows for their year's
support, and in lieu and in bar of all other claims upon my estate in any
way whatever." After making the will, he acquired other lands.

*Held*, That the case was one in which the widow was bound to elect, whether she would take the legacy, or take these after acquired lands.

In Equity, from Bibb. Decision on demurrer by Judge LAMAR, November Term, 1857.

The bill in this case was filed by Edmund Raines against Samuel P. Corbin and wife, and Charles E. Moon executor, and alleges that Cadwell W. Raines, late of the county of Bibb, departed this life in January, 1856, leaving in full force his last will and testament, wherein said Moon was appointed executor, who duly qualified. That testator, after the making of his said will, purchased about seven hundred acres of land situated in the county of Upson, which he died seized and possessed of, and undisposed of by said will. That the executor by virtue, as he supposed, of the powers vested in him by said will, after due and legal publication, offered said land at public outcry to the highest bidder, when complainant became the purchaser at the price of $1,800, and received from said executor a conveyance of the same duly executed, and paid, agreeably to the terms of said sale, one-half the purchase money in cash, and gave his note for the other half, payable 25th December, 1857, and which note is yet unpaid in the hands of said executor, complainant entered into possession of the premises, and has made thereon many valuable improvements, and at the time of his purchase he knew not that said lands had been acquired by testator subsequently to the execution of his will.

The bill further states that said Cadwell W. Raines left as his only heir at law, his widow, Parthenia Raines, who has since intermarried with Samuel P. Corbin of the county of Bibb, but who at the time of the sale of said land, was unmarried, and who appointed an agent to attend and represent her at said sale, and who made no objection in any manner thereto. That she also received the legacies bequeathed to her in and by the will of her husband, which legacies amounted to a very large share or proportion of his estate,

and worth some eighty thousand dollars or other large sum, and which the testator declared in his will was given to her in release and discharge of all other claims by her upon his estate, and that said Parthenia received the whole of said legacy from the executor before her marriage, and executed receipts for the same.

The bill further states that said Corbin and wife have instituted their action of ejectment against complainant to recover said premises bought under the circumstances above mentioned; and that he is in danger of being evicted therefrom.   That the executor has sold all the estate of his testator not specifically disposed of, and has paid out and distributed the larger portion thereof to the legatees, and is preparing to make a final distribution and settlement thereof, and intends as soon as he winds up said estate to remove to Texas, where he now has a plantation, and where he spends the largest portion of the year.   That complainant is a brother of testator and a legatee under his will; but a large number of the legatees reside out of the State.   The bill prays that the action of ejectment be enjoined; that Corbin and wife be compelled by decree to relinquish all right, title and claim in and to said lands, or that Mrs. Corbin be put to her election, and take the estate bequeathed and devised to her by the will, or the after acquired property as his heir at law. And in the event that the Court should be of opinion that Corbin and wife are entitled to said premises that the executor be decreed to pay over to them the purchase money of said land, in satisfaction of their claim thereto, and that he be enjoined from the further payment of the balance of said estate in his hands, and from transferring the said note, until the further order of the Court.

It was agreed that Mrs. Corbin is the sole heir at law of Cadwell W. Raines the testator, and that the executor has in hands funds belonging to the estate sufficient to protect Edmund Raines.

To this bill, Corbin and wife demurred.

The Court sustained the demurrer and dismissed the bill, to which decision complainants by their counsel excepted.

STUBBS & HILL, for plaintiffs in error.

L. N. WHITTLE, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The Court sustained the demurrer, and dismissed the bill. In doing so, was the Court right? This is the question.

The argument in support of the bill, is put on two grounds, the *will;*—and the *conduct* of Mrs. Corbin, amounting as the argument insists, to an estoppel.

As to the first ground :

It is maintained by the counsel for the defendant, and not denied by the counsel for the plaintiffs, that the lands acquired by the testator after the making of the will, did not pass by the will, even if it was the intention of the testator, that they should pass by the will. Admit this to be true. Then, the testator died intestate as to those lands.

The testator's widow, now Mrs. Corbin, was the only heir. Did those lands pass to her as such heir?

If it was the *intention* of the testator that she should not take, of his estate, any part but the legacy he gave her, and therefore, that she should not take these lands, then she cannot as heir, or otherwise, take the lands, without giving up the legacy. In other words, if such was his *intention*, the case is one in which, she must elect, whether she will take the legacy or take the land. This, I think, is clear upon authority. *Churchman vs. Irelan*, 4 *Sem.* 520; *Thelluson vs. Woodford*, 13 *Ves.* 209; *White & Tudor Eq.* 251, 258; 2 *Stor. Eq.* 1,094.

She certainly does not as heir stand any more nearly related to these after acquired lands, than she does as doweress, to a third of all the lands, including that held by the testator, when he made the will; and there can be no doubt, that

if it was his intention that she should take the legacy in lieu of dower in all the lands, that the case would be one in which, she would have to elect between the legacy and her dower.  2 *White & Tudor* 263.

The question, therefore, becomes this—*was* it the intention of the testator, that the legacy should be all that she was to have of his estate ?  Let us look to the will.

The testator, after having given to the widow land and negroes and other property to the value of $70,000 or $80,000, uses the following language : "This devise and bequest of the foregoing property, real and personal, to be in lieu and in bar of dower, and of the usual allowance to widows for their year's support, and in lieu and in bar of all other claims upon my estate, in any manner whatever."

"Claims upon my estate,"—by these words the testator must have meant, claims against what might be the property which he would have *at his death*, not claims against what was, or might be the property which he had, or might have, *whilst he was living*.  It was impossible that she could have any claim against his estate, whilst he was alive.  That this was his meaning, must be too clear for doubt.

The claim of the widow to these afterward acquired lands, is, then, a claim " upon" his " estate."  But it was his intention, that the legacy should be in lieu of all claims " upon" his " estate;" therefore, it was his intention, that it should be in lieu of this claim.

It follows, then, that the case is one in which, she must elect whether she will take the legacy or take these lands.

I think, then, that the first ground on which the argument in support of the bill, is put, is a good one.  In this opinion, Judge LUMPKIN agrees with me; but Judge McDONALD does not.  Judge McDONALD, however, thinks that the second ground in support of the bill, is good—an opinion in which, I differ from him.

In the opinion, then, of all three of us, there is equity in

the bill.    There is unanimity in the conclusion, if not in the premises.

But if there *was* equity in the bill, the Court erred in sustaining the demurrer.

I have hitherto accepted the admission of the counsel on both sides, that these after acquired lands could not pass by the will, even if it had been the testator's intention, that they should.    In doing so, I strongly incline to think, that I have accepted what ought not to be accepted.    I speak for myself.

The admission might be proper under the old-law.    The reason of the rule there was, that a man could not convey any land, except that of which he was *seized;* and that a will is a *conveyance,* even in the testator's *lifetime.*    This last ground is, in truth, false even by the old law.    A will by that law is ambulatory as to realty, as much as it is, as to personalty.    But let that pass.

It is not true by the law of this State, that a man cannot convey any lands, but those of which he is seized. He may sell a chance in a land lottery.    He may sell land held adversely to him,—the 32 Henry 8, not being a part of the law of this State.    *Doe ex Dem, Morris vs. Monroe,* 23 *Ga. R.* 82.

Again, by the act of distribution, realty is put upon the same footing, as personalty.    Realty goes, not into the hands of the heir, as in England, but into the hands of the administrator; and to it *probate* extends, as much as it does, to personalty.

I strongly incline to think, then, that a testator may, as much dispose of land to be afterwards acquired, as he may, of personalty to be afterwards acquired.

Judgment reversed.