## ELIZABETH D. HAYNIE

### *v.*

## ELIJAH S. DICKENS.

DOWER—*what will bar.* The taking of a life estate or any estate that can be enjoyed, under the husband's will, will bar the wife's right to dower in all the lands of which the husband was seized at any time during coverture, whether the same has been aliened during his life or not.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. B. B. SMITH, for the plaintiff in error.

Mr. M. SCHÆFFER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff in error, as widow of W. D. Haynie, deceased, claims dower in the lands described in the petition. The answer admits the seizin of the husband during coverture, but claims the land was sold during his life-time on execution as his property, and under that sale defendant in error acquired the title and possession long prior to his death. It is not claimed plaintiff in error ever released her dower, but the defense relied on is, her right is barred by the provision made for her by her husband in his will.

That clause of the will bearing on the question involved is as follows: "I bequeath to my beloved wife, Elizabeth D. Haynie, all of my real estate and personal estate below described, which I now own and which I may own at my death, to be owned and enjoyed by her during her natural life, * * * * to-wit: Lot 4 in block 2, Lester's addition to the town of Salem; * * * also the north-east quarter of the south-west quarter of section 24; * * * also the north-west quarter of the south-west quarter, and the south-

west quarter of the north-west quarter, all in section 24, township 2 north, range 2 east of the 3d P. M.; also five head of horses, and all other personal property which I shall own at the time of my death."

By the 10th section of the Dower act, R. S. 1845, p. 199, it is provided, "Every devise of land or any estate therein by will shall bar her dower in lands, or of her share in personal estate, unless otherwise expressed in the will, but she may elect whether she will take such devise or bequest, or whether she will renounce the benefit of such devise or bequest, and take her dower in the lands and her share in the personal estate of her husband."

Under this section of the statute there can be no question plaintiff in error took such an estate in lands as would bar her dower in all lands of which her husband died seized, unless she should elect, within the period prescribed, to renounce the benefit of the will. She never renounced the benefits of the will. A life estate, or any estate in lands that could be enjoyed by the devisee, would be sufficient to bar the right of dower. *Jennings* v. *Smith et al.* 25 Ill. 116.

It is urged, however, this section of the statute can have no application to the case at bar, for the reason the land in which dower is claimed had been sold on execution, and the testator, at the time of his death, had no interest in it.

We do not think this view of the law can be sustained. It was, doubtless, the intention of the legislature to provide, a "devise of land or any estate therein" should bar the widow's dower in all lands of which her husband was seized during coverture, whether he had alienated the same in his life-time or not. The words used to express that intention are as broad and comprehensive as could be employed. There is no limitation as to lands of which the testator died seized. The very object of making provision in the will for the maintenance of the wife by a devise of land or some interest therein, might be to cut off her dower in lands that had previously been conveyed by the testator without a release of dower.

Cases might arise where it would promote justice to make such a provision in lieu of dower.

The bill was properly dismissed, and the decree is affirmed.

*Decree affirmed.*