## Susan Westbrook v. Frederick H. Vanderburgh.

*Dower: Lands conveyed by husband: Provisions for widow in will: Election.*
A married woman is not barred of her dower in lands whereof her husband was seized of an estate of inheritance during the marriage, and which he conveyed in his lifetime by deed in which she did not join, by reason of her having accepted the benefit of provisions made for her in the will of her husband; the statute (*Comp. L. 1871*, § *4286*) requiring the widow to make her election between the provisions made for her in the will of her husband and her dower interest "in the lands of her husband," has reference only to such lands as the husband is seized of at his death.

*Submitted on briefs January 18.    Decided January 23.*

Error to St. Clair Circuit.

*Atkinson & Stevenson,* for plaintiff in error.

*Chadwick & Voorheis,* for defendant in error.

MARSTON, J :

Plaintiff in error brought an action to recover the "undivided one-third part of the undivided one-half of that part of the Westbrook farm, so called, deeded by John J. Vanderburgh to Frederick H. Vanderburgh,   *   *   *   as her reasonable dower, as widow of her husband, William T. Westbrook, deceased."

It appears from the finding of the court, that in July,

1835, Andrew Westbrook, the patentee, conveyed certain lands, of which the lands claimed form a part, to William T. Westbrook, who in May, 1836, conveyed the same to Joseph P. Minnie and William Orvis, through whom defendant, who is and has been for many years in possession and occupation of the same, claims title adversely to all other persons; that in December, 1833, plaintiff was married to said William T. Westbrook; that they lived together as husband and wife until September, 1868, when he died, leaving plaintiff and several children surviving him; that prior to the death of William T. Westbrook, he made his last will, which was duly probated and allowed, by which he gave and bequeathed to his wife, the plaintiff, to be held by her during her natural life, the farm on which he then resided, with the appurtenances belonging thereto, and that the plaintiff has, under said will, continued to use, occupy, and enjoy the provisions so made for her, and has never made an election waiving the provisions of the will. The court, from the facts found, as conclusions of law, held, that under the provisions of §§ *4286* and *4287* of the *Compiled Laws*, the plaintiff's right to dower was barred, and judgment was rendered for defendant. Upon this conclusion error is alleged.

The only question raised is, does the acceptance by the widow, of the devise to her under the provisions of her husband's will, bar her of dower in the real estate he sold and conveyed in his lifetime, after their marriage, and in the conveyance of which she did not join.

The statutes of this state provide, that "the widow of every deceased person shall be entitled to dower, or the use during her natural life, of one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof."—§ *4269, Comp. L.*

The territorial laws in force at the time the conveyance was made, required the wife to join with her husband in

order to pass her estate in the lands.—2 *Territorial Laws,* § *4, p. 362.*   It is not shown or claimed in this case, that the plaintiff has done any act by which her right to dower in the lands conveyed would be barred, unless her acceptance under the provisions of the will amounts to such bar under the sections of the statute referred to. *Section 4286* is as follows: "If any lands be devised to a woman, or other provisions be made for her, in the will of her husband, she shall make her election whether she will take the lands so devised, or the provisions so made, or whether she will be endowed of the lands of her husband; but she shall not be entitled to both, unless it plainly appears by the will to have been so intended by the testator." *Section 4287* requires such election to be made within one year after the death of her husband.

The question raised, therefore, depends upon the proper construction of § *4286,* and in arriving at this construction, we would do well to examine it in connection with the other provisions of this chapter. *Section 4269,* already quoted, entitles the widow to dower in all lands whereof her husband was seized of an estate of inheritance, "at any time during the marriage," unless lawfully barred thereof; while under the provisions of *Section 4286,* she is to make her election whether she will take under the provisions of the will, "or whether she will be endowed of the lands of her husband." The difference in the provisions of these two sections is noticeable at a glance. The term "lands of her husband" means lands of which he died seized, and can mean nothing else. If he had previously conveyed them, they would not be his lands. The conveyance would be good as against him, and conveys all his interest therein, so that the term could have no application to lands previously conveyed by him, and in which he did not have an estate of inheritance at the time of his death. The first section entitles her to dower in all lands whereof her husband was seized of the proper estate at any time

during their marriage, unless lawfully barred thereof; but there is not such clear and comprehensive language in the latter section.

The supreme court of Pennsylvania, in construing a similar statute in a case like the present, said: "The truth is, no one can read these statutes, and those that have followed them of like import, without at once perceiving their operation was intended to be confined to lands an intestate had left to descend on his heirs, or a testator had given to his devisees. The simple absence of any direct expression indicative of a design to bring lands aliened within the purview of the enactments, ought, in itself, to be accepted as sufficiently proving no such design was entertained; for, surely, had the law-maker intended so important a change in the existing law, he would not have left it to a doubtful inference drawn from inconclusive reasoning."—*Borland v. Nichols, 12 Pa. St., 42.*

It is also insisted in this case, that one object in view, by the provisions of the statute already referred to, and also by § *4296*, was to protect the heirs of the deceased from damages for a breach of the covenants contained in his conveyance, and if this could not be done, then the provisions of the statute would be futile. It is a sufficient answer to this to say, that the statute does not, either in express terms or by implication, attempt to protect the heirs from the effect of any such covenants, if they are liable thereon.

An argument has been based upon the fact that the property enjoyed by the plaintiff under the provisions of the will has been and is very valuable; that she had enjoyed it for some six years prior to the commencement of this suit, and that it would be unjust, therefore, to endow her in lands of which the defendant has for so long a period been seized and possessed. This, at first sight, seems plausible, but it is only so. It is but fair to presume that parties purchasing lands subject to dower, where the wife does not join in the conveyance, do not pay so much therefor as they would for a clear and unencumbered

title, free from all such objections. The wife may not survive her husband, and if she should not, they have gained just so much by the transaction. They took the chances, and the result, in such a case, would be a favorable one. If, however, she survives her husband, still they have had the same use of the land during his lifetime they would have had upon payment of a full consideration, and they have also had the difference in amount between the consideration paid and what they would have paid had she joined in the conveyance. In other words, they, at the time of purchasing, concluded not to purchase her dower interest until after the death of her husband, with a possibility in their favor that they would obtain it, in case of her decease during her husband's lifetime, without purchase. Under such circumstances there is nothing unjust or inequitable in requiring them, upon the happening of the event contemplated, to then purchase from, or deliver up to, the wife her dower interest.

Had the husband, at the time he made the conveyance, received this increased consideration on account of her joining therein, we have a right to assume that she would have derived some benefit from it, either in the purchase of other real estate in which she would have had a dower interest, or in some other way, as a recompense for parting with her interest in the land.

For these reasons we are of opinion that the conclusion of the court below was erroneous; that the judgment must be reversed, with costs of both courts, and a judgment rendered in this court upon the special finding for her interest, as claimed in the declaration.

This being an action of ejectment, the record will be remanded for further proceedings under the statute.

The other Justices concurred.