# McGhee *v.* Stephens.

*Bill in Equity by Widow's Administrator against Husband's, for Account of Personal Assets.*

1. *Widow's interest in husband's estate; dissent from will.*—Under statutory provisions which have been of force for more than thirty years (Code of 1876, § 2292; Code of 1852, § 1609), changing the former statute (Clay's Digest, 172), while the widow may claim her dower without dissenting from her husband's will, when it makes no provision for her, her dissent is necessary to entitle her to any part of the personalty.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 24th January, 1887, by Abraham McGhee, as the administrator of the estate of Mrs. Ann Griffith, deceased, against J. M. Stephens, as the administrator with the will annexed of William Griffith, deceased, and the sureties on his official bond; and sought an account of the personal property belonging to the estate of said William Griffith, which had come to the hands of said Stephens as administrator, and a decree for the distributive interest thereof to which Mrs. Ann Griffith was entitled as his surviving widow. According to the allegations of the bill, Mr. and Mrs. Griffith were married in Cherokee county, Alabama, on the 9th August, 1883; he died on the 19th May, 1884, and Mrs. Griffith on the 7th July, 1884. Said William Griffith left a will, which was executed in May, 1880, and duly admitted to probate on the 6th October, 1885. At the time this will was executed, the testator had a former wife living, to whom he devised and bequeathed the greater part of his property, during her natural life or widowhood, with remainder to one Jacob H. Griffith; but the wife died in 1882, and said Jacob H. also died before the testator. The bill alleged that the administrator of William Griffith's estate took possession of all the personal property, and, after paying all the debts and charges, had about $6,000 left in his hands, of which amount the complainant claimed that the distributive share of his intestate, as the surviving widow, was one-fifth part; and he alleged that his intestate

[McGhee v. Stephens.]

"gave said defendants notice of her rights as the wife and widow of said William Griffith, as they well knew, and claimed as such whatever the law would allow her in said estate."

The chancellor dismissed the bill, on motion, for want of equity, because it did not allege that the widow had dissented from the will; and his decree is here assigned as error.

DORTCH & MARTIN, for the appellant.—Under the act of 1812 (Clay's Digest, 172), the widow's dissent from her husband's will was not necessary, if it made no provision for her; and the same principle applied to dower and her interest in the personal property.—*Turner v. Cole*, 24 Ala. 364; *Martin's Heirs v. Martin*, 22 Ala. 86. Under the statute which has been of force since the Code of 1852 was adopted (Code of 1876, § 2292), the same rule is applied to both rights, and it is declared that, "in all cases, the widow may dissent from the will of her deceased husband, and, in place of the provision made for her by such will, take her dower in the lands, and of the personal estate such portion as she would have been entitled to in case of intestacy." This is a substantial re-enactment of the old law, and is a legislative adoption of the judicial construction which it had received. 51 Ala. 51; 56 Ala. 218; 69 Ala. 448; 74 Ala. 150.

W. H. DENSON, *contra.*—The right of the widow to participate in the distribution of her husband's estate, unlike her right of dower, was unknown to the common law, and is the creature of the statute which gives it. The statute now of force gives her that right in cases of intestacy, and, "in all cases" where there is a will, makes her right dependent on her dissent from it. A comparison of the present statute with the act of 1812 will disclose material omissions and differences, which are decisive of this case, in the light of the former decisions of this court.

CLOPTON, J.—The only question argued by counsel is, whether a widow, whose husband has died testate, can claim a distributive share of his personal estate, without dissenting from his will, in the manner, and within the time prescribed by sections 2292 and 2293 of the Code, when the will makes no provision whatever for her. Section 2292 provides: "The widow may, in all cases, dissent from the will of her deceased husband, and, in the place of the provision made

[McGhee v. Stephens.]

for her by such will, take her dower in the lands, and of the personal estate such portion as she would have been entitled to in case of intestacy." Section 2293 requires the dissent to be made in writing, and filed with the judge of probate within one year from the probate of the will. This character of legislation had its origin in the act of 1812, which is founded on the policy of requiring the widow to elect, in a reasonable time, between the provision which the law makes for her, and the provision of the will, in order that there may be a speedy settlement and distribution of the decedent's estate.

The first section of the act of 1812 provided: "When any person shall die intestate, and shall make his last will and testament, and not therein make provision for his wife, by giving and devising unto her such part or parcel of his real and personal estate as shall be fully satisfactory to her, such widow may signify her dissent thereto in the Circuit or County Court in the county wherein she resides, at any time within one year after the probate of such will, and then and in that case she shall be entitled to dower."—Clay's Dig. 172. The construction of the act, as settled by several decisions of this court, was, that where no provision is made for the wife by the will of her husband, it was not necessary for her to dissent from such will, in order to avail herself of the provision which the law makes in her favor.—*Green v. Green*, 7 Porter, 19; *Hilliard v. Binford*, 10 Ala. 977; *Turner v. Cole*, 24 Ala. 304. This construction was rested on the doctrine, that the right to dower is a common-law right, which attaches at the instant of marriage, and can not be impaired except by statute; and that an election is not required, unless there be alternatives, as to which a choice may be exercised. It will be observed, that the statute only provides, in case of dissent, that the widow shall be entitled to dower; no provision being made by this section entitling her to a share of the personal estate. Her right to receive a portion of the personalty is provided by another section of the act, which will be noticed hereafter.

The first section of this act, in somewhat different phraseology, and with modifications, some of which are material, was introduced by the codifiers into the Code of 1852, as sections 1609 and 1610, which have been incorporated in each succeeding Code, and constitute sections 2292-3 of Code of 1876; but without material change in respect to the necessity of a dissent when no provision is made for the wife

in the will. The expression, "or shall make his last will and testament, and not therein make any express provision for his wife, by giving and devising such part or parcel of his real and personal estate as shall be fully satisfactory to her," is omitted, and in lieu thereof is inserted the phrase, "in the place of the provision made for her by such will." Section 2292 contemplates an election—that some provision shall be made for her in the will, from which she may dissent, and take in preference what the law would give her. The section does not operate to impair or abolish the rule, that a devise or bequest in favor of the wife will not bar her right to dower, unless expressly so declared, or by necessary implication is intended to be in lieu of dower, in which case the widow, independent of statute, would be put to her election. The statute was intended to provide for a speedy and summary election, when any provision is made for her in the will, which does not appear to have been as an addition to dower; and in such case, her failure to dissent within one year from the probate of the will bars her right of dower.—*Adams v. Adams*, 39 Ala. 274. But, when she can take nothing by the will, no election is required, and a dissent is not necessary to entitle her to dower in the lands of her deceased husband. In such case, her common-law right is unimpaired.

A different rule prevails as to her right to take such portion of the personal estate, as she would be entitled to in case of intestacy. By the second section of the act of 1812, it was provided: "Where a husband dies intestate, or shall make his last will and testament, and not make provision therein for his wife, as expressed in the first section of this act, she shall be entitled to share in the personal estate," in specified proportions, dependent upon the number of children. The effect of this statutory provision was to abolish the common-law right of the husband to arbitrarily dispose of his personal estate by will, and defeat the claims of his widow, operating to make her right to a share of his personalty, in case no express provision was made for her, the same as in case of intestacy. When the widow dissented, in the manner and time required by the first section of the act, any provision made for her was regarded as stricken from the will, leaving it to have the same effect as if no provision had been made for her. On this construction of the act, the widow, when she dissented, was held entitled, not only to her dower, but also to her share of the personal

[McGhee v. Stephens.]

estate, as if her husband had died intestate; not merely by the provisions of the first section, but under the second section, as an incident and a consequence of her dissent from the will. Section 1521 of Code of 1852, which is the same as section 2261 of the Code of 1876, provides, that the widow shall be entitled to share in the distribution of the personal estate of her husband, only in case he dies intestate; thus repealing, *pro tanto*, the second section of the act of 1812, by omitting the words, "or shall make his last will and testament, and not make provision therein for his wife." The effect is to revive the common-law right of the husband to dispose of his personal estate. Notwithstanding this, section 2292 of Code of 1876, by enlarging the privilege of dissenting, and extending it to "*all cases*," confers on the widow the power to obstruct the arbitrary disposition of the personalty, which may be deemed unjust. Though no provision whatever is made for her in the will, she may dissent therefrom, and take such portion of the personal estate as she would be entitled to in case of intestacy. While the first section of the act of 1812 only entitled the widow, in case of dissent, to take her dower, section 2292 entitles her to take both—her dower in the land, and the portion of the personal estate to which she would be entitled, if her husband had died intestate. There is no other statutory provision by which the widow becomes entitled to a distributive share of her husband's personal estate, when he dies testate, making no provision for her in the will. It follows from a consideration and comparison of the several statutes relating to this subject, and from the alterations of the act of 1812 made by the Code, that in such case a dissent from the will is necessary to entitle the widow to share in the personal estate of her husband as in case of intestacy. The distinction as to the right of the widow to dower, and to a portion of the personal estate, is founded on the principle, that an affirmative statute is requisite to bar the widow's right to dower, without her agreement or consent, and equally requisite to impair the husband's right to defeat her claim upon his personal estate, by testamentary disposition, without making provision for her.

Affirmed.