JOSIAH FAIRCHILD and others *vs.* WILLIAM R. MARSHALL.

## November 6, 1889.

**Dower barred by Acceptance of Provisions of Will.**—The acceptance by a widow of the provisions made for her in her husband's will constitutes a bar to her claim of "dower," so called, in lands conveyed by him, during coverture, by deed of warranty in which the wife did not join; such claim of dower appearing to be inconsistent with the provisions of the will.

**Same—Election for Insane Widow.**—The appellant entered into a contract with the respondents for the purchase of a certain tract of land, and then refused to perform, upon the ground that the title was doubtful and unmarketable.   The respondents' title was derived through mesne conveyances from one W., who had conveyed by deed containing full covenants of warranty, during coverture.   His wife did not join in this deed, has never conveyed her interest in the land, is still living, and is the widow whose rights were involved in the case of *Washburn* v. *Van Steenwyk*, 32 Minn. 336.   *Held,* that in view of the decision in that case, and of what this court regards as a conclusive line of authorities in this country supporting the rule stated in the first paragraph of this syllabus, the respondents' title to said tract of land was and is not doubtful or unmarketable.

Appeal by defendant from an order of the district court for Ramsey county, refusing a new trial after a trial by *Kelly*, J., and judgment ordered for plaintiffs.

*James H. Foote,* for appellant.

*Williams & Goodenow,* for respondents.

COLLINS, J.   The respondents brought this action to compel the appellant to specifically perform his contract with them for the purchase of certain real estate.   The defendant resisted, upon the ground that plaintiffs were unable to convey a good and marketable title to the property.   In the year 1881, the late Cadwalader C. Washburn, then a married man, was the owner in fee of said premises.   He then conveyed, by warranty deed with the usual covenants,—as was admitted upon the argument in this court,—to another person, from whom, through certain mesne conveyances, these plaintiffs obtained their title.   Mrs. Washburn did not join in the deed, has never conveyed her interest in the premises, and is still living.   She has been insane, without lucid interval, for more than 25 years.   Mr. Washburn died, testate, in the month of May, 1882.   Litigation over a certain provision made in his last will and testament in behalf and for the unfortunate wife followed, ending in a decision of the supreme court of Wisconsin, in which state Mr. Washburn resided in his lifetime, wherein it was determined that the provision of the will before mentioned was intended by the testator to be in lieu of the widow's dower and her one-third interest in the personal estate; that the statute requiring a widow to elect under such circumstances applied to one insane; and that the election should not be made by her guardian, but by the court.   The court thereupon elected, in behalf of said widow, to take under the will.   *Van Steenwyck* v. *Washburn,* 59 Wis. 483, (17 N. W. Rep. 289.)   Subsequently, in the course of an administration of the testator's estate in Minnesota, this court determined that the election aforesaid, made and declared in Wisconsin, was effectual everywhere as an election by the widow to take under the will, and precluded any different action in respect to lands in this state.   *Washburn* v. *Van Steenwyk,* 32 Minn. 336, (20 N. W. Rep. 324.)   Preceding the opinion of the court in that case will be found a history of the litigation referred to, and a statement of so much of the will as was pertinent thereto.

The first question raised by the appellant herein is, does the acceptance by the widow of the provision made for her in her husband's

will bar her of such legal rights as are fixed by Gen. St. 1878, *c.* 46, § 3, in real estate sold and conveyed during coverture by the husband alone? Whether a person is required to elect between a provision in his favor in a will and a right independent of it depends wholly on the intention, expressed or implied, of the testator. If it be expressed in terms, or clearly appears from the entire will, that the testator intended a provision made by it in favor of a devisee or legatee to be in lieu of any other right or claim affecting the estate, the latter must elect which he will take; and if he accepts what the will provides, he is precluded from asserting such other right or claim. Otherwise he might accept the will so far as it benefited, and defeat it as to other provisions. This court decided, in *Washburn* v. *Van Steenwyk, supra,* as before stated, that a will such as that under consideration made a case for election on the part of the widow between the provision made by it in her favor and that which the law makes to a widow out of the estate of her deceased husband. That is to be taken as the settled law of this state.

The only question, save as hereinafter stated, left for this case by that decision is as to the extent to which she should be required to elect. Is she compelled to elect only as to rights given by law in the estate of which the husband died actually seised, or estates which he assumed to dispose of by the will, or must she go further, and elect as to similar statutory rights in real property conveyed by him in his lifetime, but the title to which his general estate must make good if the title prove defective? The question points out the answer. The reason why it was held to be contrary to the intention of the testator that the widow should have both the testamentary and the statutory l provisions in her favor was that the assertion of the latter by her would be hostile to and tend to defeat the general purpose of the will. This reason applies with as much force to rights to which the law entitles her in real estate which the husband had conveyed during coverture, with covenants and which the general estate left by him was bound by, as it does to such rights in estates of which he died seised. The assertion by the widow of the legal right, in the one case, would diminish the estate to be distributed under the will, and so tend to defeat its provisions precisely as

it would in the other. The assertion of the right would be adverse to the estate left by the testator for distribution under the will and according to its terms. We therefore conclude that the acceptance by the widow of C. C. Washburn, deceased, of the provisions made for her in his will, was and is a bar to any legal claim in land aliened by him during coverture and by warranty deed. This view of the law commends itself to us, and seems to be supported by an unbroken line of authorities upon this precise question. *Steele* v. *Fisher*, 1 Edw. Ch. 435; *Allen* v. *Pray*, 12 Me. 138; *Hornsey* v. *Casey*, 21 Mo. 545; *Buffinton* v. *Fall River Nat. Bank*, 113 Mass. 246; *Raines* v. *Corbin*, 24 Ga. 185; *Haynie* v. *Dickens*, 68 Ill. 267. Two cases cited by appellant to the contrary. (*Borland* v. *Nichols*, 12 Pa. St. 38, 51 Am. Dec. 576, and *Westbrook* v. *Vanderburgh*, 36 Mich. 30) simply construe statutes, and have no bearing upon the issue here. In another case to which the appellant has called attention (*Higginbotham* v. *Cornwell*, 8 Grat. 83, 56 Am. Dec. 130) a recovery was permitted evidently because the devise was unconditional, and its acceptance did not require nor involve an election by the widow. Neither by implication nor by the express terms of the will could that which she had accepted be declared a substitute for dower. Another case upon which appellant relied (*Braxton* v. *Freeman*, 6 Rich. Law, 35, 57 Am. Dec. 775) is to the same effect, and the court concludes its opinion with the proposition that, as a right to dower may be extinguished by the acceptance of something which may be given for the purpose of satisfying it, such purpose in a will must appear by express terms or by necessary implication. It is evident from these decisions that the common-law rule in respect the doctrine of election by a widow, which prevailed in Virginia and South Carolina when these opinions were written, was given a very narrow and restricted construction. The same rule of law in this state is less rigorously and technically applied. *In re Gotzian*, 34 Minn. 159, (24 N. W. Rep. 920.)

It is further urged by the appellant that in no event should specific performance be decreed in this case, because the title to the premises is doubtful and unmarketable, is dependent upon a question of law, which is being litigated by these parties incidentally, and in the

absence of the person primarily interested,—a person who will not be foreclosed by its determination. It is said that a title may be doubtful because it depends upon a doubtful question of law, not settled by any binding authority, of which different courts may take opposite views, and in cases where those who have an interest in the property will not be concluded by the decree, but may assert their claims in the future. Wat. Spec. Perf. 550. To be marketable, the title must be free from reasonable doubt; but, if it rests entirely upon record evidence, and the muniments of title are preserved and accessible, it will be a question for the court to determine upon their inspection,—a question of legal construction. If the title is to be established by proof of matters of fact, not of record, the case must be made very clear by the vendor to warrant the court in ordering specific performance. *Townshend* v. *Goodfellow,* 40 Minn. 312, (41 N. W. Rep. 1056.) And there may be found collected in a note attached to *Cornell* v. *Andrews,* 35 N. J. Eq. 7, a large number of cases showing what defects in title the courts consider doubtful or unmarketable. The rights and claims of Mrs. Washburn to a distributive share of her husband's estate in Minnesota were finally disposed of in *Washburn* v. *Van Steenwyk, supra;* it there being held that she had elected to take under the will, and not as doweress. In view of that determination, and of what we regard as a conclusive line of authorities upon the question now before us in this country, can it be said that the title held by the respondents, and which they offered to confer upon the appellant, is or has been doubtful or unmarketable? We think not, and that it is obvious that there can be no reasonable doubt,—no doubtful question of law,—standing between the appellant and a marketable title to the estate sold to him by the respondents. The decision of this court announcing the rule and settling the doctrine must be binding upon all subsequent cases. It is the law for all litigants, and clears up the doubt, if any ever existed.

Finally, we may remark, without expressly sanctioning the rule laid down, that in England it is now considered as settled that, when there is a doubt upon the validity of a title arising from a construction of an act of parliament or the words of an instrument or will, it

is the duty of the court to remove the doubt by deciding it. The decision removes the doubt, and specific performance will be adjudged. *Bell* v. *Holtby*, L. R. 15 Eq. 178.

Order affirmed.