# Sanders v. Wallace et al.

*Bill in Equity by Widow for the recovery of Dower in Lands.*

1. *Dower; widow not entitled thereto when she fails to dissent from husband's will in which provision is made for her.*—A widow, who is provided for by the will of her husband, and fails to dissent in the time and manner required by statute, (Code of 1886, §§1963, 1964; Code of 1896, §§4259, 4260), and it does not appear by the will that she should have such provision in addition to her dower, is not entitled to dower in the lands which her husband owned at the time of his death, or of which he was seized during coverture and which had been conveyed by him, or had been sold under execution against him, in his life time, and purchased by strangers, to whom the wife and widow of the deceased had made no conveyance or release of dower.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed by the appellant, Jane A. Sanders, against the appellees, for the purpose of recovering dower in lands of which the complainant's

husband was seized during coverture, and which were sold at sheriff's sale under execution against the complainant's husband, and passed by mesne conveyance to the defendant. A demurrer interposed to the bill was overruled. After the overruling of the demurrer, the defendant filed certain pleas as a defense to the bill of complainant. The substance of these pleas and the facts of the case are sufficiently stated in the opinion.

Upon the submission of the cause upon the sufficiency of the pleas filed by the defendants, the court rendered a decree holding that each of said pleas was sufficient in law, and if proven, presented a complete defense to complainant's bill of complaint. From this decree the complainant appeals, and assigns the rendition thereof as error.

J. H. STEWART, for appellant.—Dower is a legal, equitable and moral right favored by the law.—5 Amer. & Eng. Encyc. of Law, 885 and note. The right of dower in the lands owned by the husband in his lifetime is consummated by the death of the husband, but it does not confer a right of entry, nor a right to take rents and profits, nor a right of ownership.—*Barksdale v. Garrett*, 64 Ala. 280; *Weaver v. Crenshaw*, 6 Ala. 873.

The record shows that the lands out of which the dower is claimed in this cause, were sold during the lifetime of the husband, under execution to satisfy judgment against the husband. She is entitled to dower out of these lands.—*Wood v. Morgan*, 56 Ala. 397; *Irvine v. Armistead*, 46 Ala. 363.

The fact that the husband died testate and provided for the wife by his will, is not a bar to her recovery of dower in lands alienated in the lifetime of the husband, in the event the wife fails to dissent, as provided in section 1963 of the Code of 1886. "The statute authorizing the widow to dissent from the will of her deceased husband, and in lieu of the provisions made for her, take her dower in his lands and her distributive share in his personal estate (Code, §2293), confers on the widow a strictly personal right."—*Crenshaw v. Carpenter*, 69 Ala. 572; *McGhee v. Stephens*, 83 Ala. 468.

Section 1963 of the Code of 1886, is made part of the statutory law pertaining to wills.

The disposition of the property of the deceased person is the subject matter treated of in the chapter and article, where this section is found. We find therein no mention of any property not then owned by the deceased—no reference to lands or other property aliened during his lifetime. These facts furnish strong evidence as to what property was intended to be affected by this section. They go far to show that this section refers to the estate of the husband at the time of his death. Then, the assertion of this right can in no way affect the distributees, in that, the distributees have no interest in lands aliened by the ancestor in his lifetime. When we come to consider sections 1910 and 1911, they provide for the assignment of dower to the widow in cases where no questions of distribution in the husband's estate can arise. It regulates the assignment of dower in lands which have been aliened by the husband; if the assignment can be made by metes and bounds without injustice, she gets her share of the lands. The construction given to these statutes works no injustice to any person. The interest of other distributees of the estate is not affected. No injustice is done the alienee. He is deprived of nothing that he purchased. The widow only gets that to which she was entitled as the wife of the alienor, which she has never parted with, and for which she has received no compensation.—*Jackson v. Isbell,* 109 Ala. 100; *Leinaweaver v. Stoever,* 1 Watts & Serg. 165; *Borland v. Nicholas,* 12 Pa. St. 38; *Westborok v. Vanderburgh,* 36 Mich. 30; *Higginbotham v. Cornwell,* 8 Gratt. 83; *Braxton v. Freeman,* 6 Richardson, 35.

PETTUS & PETTUS, *contra.*—Under the English common law, if the husband made provision for his wife, by his will, this was no bar to dower, unless it plainly appeared from the will that the husband intended a provision made for the wife, by his will, to be in lieu of and in satisfaction of her dower rights; but the statutes of this State have made a complete system of the law of dower, and have reversed this rule of the common law, so that if the husband, by his will, make provision for his wife, this is a bar to dower, unless the husband plainly, in his will, shows that what he gives by his will,

[Sanders v. Wallace *et al.*]

is to be in addition to dower.—*Hilliard v. Binford*, 10 Ala. 977.

Under the statutes as they exist now, the widow who has been provided for by the will of her husband and who fails to dissent therefrom within eighteen months, is not entitled to dower in the lands of which her husband was seized during coverture, and which had been alienated by him. This principle is announced and upheld by the decisions of this court: *Adams v. Adams*, 39 Ala. 278; *Green v. Green*, 7 Port. 19; *Hilliard v. Binford*, 10 Ala. 977; *Vaughan v. Vaughan*, 30 Ala. 329; *Martin v. Martin*, 22 Ala. 99; and also the following authorities: *Allen v. Pray*, 12 Me. 138; *Reed v. Dickerman*, 12 Pick. 149; 4 Kent's Com. pp. 57, 58, 59; 1 Cruise on Real Property, Title 6, Chapter 4, §24; *Steele v. Fisher*, 6 N. Y. Ch. Rep. (1 ed.) 35; *Haynie v. Dickens*, 68 Ill. 267; *Buffinton v. Fall River Nat. Bank*, 113 Mass. 246; *Nelson v. Brown*, 144 N. Y. 384; *Warren v. Warren*, 148 Ill. 642.

The many cases above cited clearly decide the following propositions:

First. That where a husband, under the common law, makes provision for his wife, in lands and personal property, or by devise to trustee for her benefit, and disposes of the balance of his estate to others, the wife is put to her election. She can take her dower or the provisions made for her in the will; but she cannot take both, because the taking of dower, in such case, is inconsistent with the will. Second. That under our statute, if any provision is made for the wife by the will of her husband, she may dissent within the time prescribed, and claim dower; but if she does not dissent within that time, she is presumed to elect to take under the will, and is forever barred of any claim of dower in lands of which he was seized at the time of his death, or in land which he had aliened in his lifetime.

HARALSON, J.—The only question raised by the record in this cause is as stated by counsel, whether or not a widow, who has been provided for by the will of her husband, and who has failed to dissent therefrom within eighteen months, is entitled to dower in lands of which her hus-

band was seized during coverture, and which had been sold under execution against him in his lifetime, and purchased by strangers, to whom the wife and widow of the deceased has made no conveyance or release of dower. The pleas in the cause, filed by each defendant separately, aver in substance, that the husband of appellant died in Perry county, Alabama, on the 10th of August, 1893; that at the time of his death he was seized and possessed of property, both real and personal in said county; that before his death, to-wit, on the 16th July, 1890, he made and published his last will and testament, which was duly admitted to probate in said county, on the 14th of December, 1893; that the said will made provision for the maintenance and support of complainant, and that said complainant never did within eighteen months after the probate of the will of the said Green B. Sanders (the husband of complainant), or at any other time, make any dissent in writing from the will of said Green B. Sanders; but, on the contrary, said complainant accepted the provisions made for her in said will.

The bill shows, that in the year 1862, at a regular term of the circuit court of said county of Perry, a judgment was rendered against complainant's husband, said Green B. Sanders, for $6,380.05, on which judgment execution issued, and that the lands in which dower is sought and which are described in the bill, having been levied on, were sold for the satisfaction of said judgment by the sheriff, at execution sale, to the plaintiff in said execution, for $6,924.00, to whom the sheriff executed his conveyances, and returned the execution satisfied in full; that the purchasers took possession of the lands so purchased by them, and afterwards, in the lifetime of said Green B. Sanders, the defendants, Thos. M. Wallace and Thos. W. Williams, came into possession of different portions of said land, as described in the bill.

Exceptions were filed to the pleas, questioning their sufficiency as a defense, which were overruled, the court holding that each plea was sufficient, if proved, and presented a complete defense to complainant's bill. To reverse this decree, the appeal is prosecuted.

Dower in this State is defined to be, "an estate for life of the widow in certain portions of the following real estate of her husband, to which she has not relinquished her right during the marriage: (1) Of all lands of which the husband was seized in fee during the marriage," etc., etc.

Sections 1910 and 1911 make provision for the allotment by the probate or chancery court, of dower to a widow in lands which have been aliened by the husband, according to the conditions specified in said sections.

Sections 2354 and 2355 have reference to cases, where a woman who survives her husband has a separate estate; the effect of such separate estate on her dower interest and distributive share in her husband's estate, in diminution of her dower interest and distributive share therein, and the rule for the ascertainment of the allowance to be made her, according to the value of her separate estate. These last sections have no particular reference to the case in hand, since it is not shown that Mrs. Sanders had any separate estate, nor do the first named sections, except as a rule for the assignment of dower, if complainant be decreed to be entitled thereto.

In case of the intestacy of a husband, the foregoing sections apply, as they have been construed, and not of difficult application. But where he dies testate, leaving a widow, and making provisions for her in his will, section 1963 is intended to apply, and provides: "The widow may, in all cases, dissent from the will of her deceased husband, and, in lieu of the provisions made for her by such will, take her dower in the lands, and such portions of the personal estate as she would have been entitled to in case of intestacy."

The succeeding section, 1964, provides: "Such dissent must be made in writing, and deposited within eighteen months from the probate of the bill, with the judge of probate of the county in which the will is probated; and an entry must be made of record, specifying the date on which the dissent was made."

These two sections are the same in substance as sections 1609 and 1610 of the Code of 1852, and are carried

into each of the Codes subsequent thereto, except that the period of limitation for filing a dissent to the will by a widow, has been changed from 12 to 18 months. These sections do not change and were not intended to change the substantial provisions of the acts of 1806 and 1812 on the same subject, and the same rule as existed before, must be regarded as continued by the subsequent Codes, as was held in *Adams v. Adams,* 39 Ala. 274.

At common law a devise was presumed to be in addition to dower unless the reverse clearly appeared in the will; a rule resting on the doctrine, that the right to dower is a common law right, which attached at the time of marriage, and which cannot be impaired except by statute. But, the acts of 1806 and 1812, the same in substance as said sections 1963 and 1964, which latter sections, as stated, are but a continuation of the provisions of the former statutes on the subject, reverse the rule of the common law,—which presumes a devise to be in addition to dower, unless the reverse clearly appears; and the rule under said sections as now definitely settled in this court, is that "where the will of a deceased husband makes any provision for his wife by a bequest to her of any part of his personality, or by a devise to her of any part of his realty, and the provision does not plainly appear from the will to have been intended in addition to her dower, her failure to signify her dissent from the will, within one year (now eighteen months) after its probate, is a bar to her right of dower."—*Vaughan v. Vaughan,* 30 Ala. 329; *Hilliard v. Binford,* 10 Ala. 977; *Adams v. Adams,* 39 Ala. *supra; Dean v. Hart,* 62 Ala. 308; *McGhee v. Stephens,* 83 Ala. 466. In the case last cited, it was held, that an election is not required unless there be alternatives as to which a choice may be made by the widow, and that section 2292 (now section 1963 of the Code of 1886) contemplates an election,—that some provision shall be made for her in the will, from which she may dissent, and take, in preference, to what the law would give her. It was there said: "The section does not operate to impair or abolish the rule, that a devise or bequest in favor of the wife will not bar her right to dower, unless expressly so declared,

or by necessary implication is intended to be in lieu of dower, in which case the widow, independent of statute, would be put to her election. The statute was intended to provide for a speedy and summary election, when any provision is made for her in the will, which does not appear to have been as in addition to dower; and in such case, her failure to dissent within one year (the period of limitation then fixed) from the probate of the will, bars her right of dower."

The question recurs: To what lands does this rule as to the failure of the widow to dissent from the provisions made for her in a will, apply? The will of Mr. Sanders makes provision for his widow after his death. There is an absence of any expression, in the will, that these provisions were intended by the testator to be in addition to dower, or from which such an inference can be drawn.

The first provision of said section 1963 is that the widow by dissenting, "may in *all cases*," "in lieu of the provisions made for her by such will, take her dower in the lands." What lands? Certainly the lands of her husband, such as she would have been entitled to in case of intestacy. What lands were these? Those referred to in section 1892 quoted above, which defines her dower, and of what lands the widow is dowable, viz., "Of all lands of which the husband was seized in fee during the marriage." If dissenting she would be dowable of all lands as in case of intestacy, it would seem to follow, that, failing such dissent she would be barred of dower in the same lands.

The latter part of this section of the Code makes provision—in addition for the one for dower—for her share of personal estate in case of dissent, in these words: "and such portion of the personal estate, as she would have been entitled to in case of intestacy." This provision of said section, in case the widow fails to dissent, restores, in such case, the common law rule, which allowed the husband to dispose of his personality absolutely, and the widow takes under the will, in lieu of what she would take under the statute as in case of intestacy, by dissenting.—*McGhee v. Stephens, supra.* This was the purpose of the insertion of this latter clause of said section 1963, and it is of no controlling

effect on the first part of the same, in respect to dower. We are of opinion, that the widow by her failure to dissent from the provisions of her husband's will, in the time and manner required by the statute, is barred of her right of dower in her husband's lands, such as he owned at the date of his death, as well as that described in the bill, which had been sold under execution in his lifetime.

There has been some disagreement in the decisions of courts on this question, in construction of statutes close akin to ours. In *Corey v. Lamb,* 45 Ohio St. 203, under statutes not materially differing from ours as to the effect of a dissent, or a failure to express it, the Supreme Court of that State, after a review of the cases from other courts, held that a widow electing to take the provisions made for her in the will of her husband, where it did not appear by the will that she should have such provisions in addition to dower, was barred of dower in land of which he was seized during coverture, and which had been sold and conveyed in his lifetime on foreclosure of a mortgage executed by him in which the wife did not join. The court said: "The term dower is not of obscure and uncertain meaning. It is unambiguous, and has a fixed, definite and legal signification. It is a right which attaches not merely to the lands of which the husband dies seized, but to all the lands whereof he was seized, either in deed or in law.—Litt., Sec. 36; 4 Kent's Com. 35. If to be endowed of the lands of her husband, or have dower in his lands, applies to all lands whereof the husband was seized as an estate of inheritance at any time during the intermarriage, the language of section 5964, 'she shall be barred of her dower' upon electing to take under the will should have no less extended application, and cannot be confined to the property devised in the will. The meaning of dower is not so elastic as to embrace one thing when the widow would be endowed according to law, and another thing when she is to be barred of dower by accepting the provisions of the will." As sustaining the conclusions reached, the court cited *Steele v. Fisher,* 1 Edw. Ch. 435; *Palmer v. Voorhis,* 35 Barb. 479; *Evans v. Pierson,* 9 Rich. (S. C.) 9; *Avant v. Robertson,* 2 McMull (S. C.) 215; *Haynie v. Dickens,*

68 Ill. 267; *Buffinton v. Fall R. Nat. Bank,* 113 Mass. 246. To these may be added, *Nelson v. Brown,* 144 N. Y. 384; *Warren v. Warren,* 148 Ill. 642; *Allen v. Pray,* 12 Me. 138; *Hornsey v. Casey,* 21 Mo. 545; *Raines v. Corbin,* 24 Ga. 185; *In re Gotzian,* 34 Minn. 159; *Spalding v. Hershfield,* 39 Pac. Rep. (Mont.) 88.

In apparent variance with these are the cases of *Borland v. Nichols,* 12 Pa. St. 38; *Leinaweaver v. Stoever,* 1 Watts & Serg. 165; *Westbrook v. Vanderburgh,* 36 Mich. 30; *Higginbotham v. Cornwell,* 8 Gratt. 83.

There is nothing in the phraseology of said section 1963, which limits its application to lands held at the decease of the testator, but when fairly construed, it embraces all lands of which the husband was seized at any time during the coverture. This, as the Montana court in the case cited above said, is certainly in accordance with the great weight of authority. There is nothing in *Jackson v. Isbell,* 109 Ala. 100, which conflicts with what is here said. That decision had reference to dower as affected by separate estate of the widow under sections 2354 and 2355 of the Code.

Affirmed.