JOSEPH A. ECKSTEIN v. MICHAEL M. RADL.

April 27, 1898.

Nos. 10,995—(134).

**Will—Devise of Homestead—Liability for Debts of Testator.**
> Under the terms of G. S. 1894, § 4470, a testamentary disposition of the statutory homestead, assented to in writing by a surviving husband or wife, will not render the property liable to the satisfaction of the debts of the testator.

Appeal by plaintiff, as administrator with the will annexed of the estate of Xaver Radl, deceased, from a judgment entered in the district court for Brown county in favor of the defendant pursuant to the findings and order of Webber, J. Affirmed.

*John Lind* and *Jos. A. Eckstein*, for appellant.
*Somerville & Olsen*, for respondent.

COLLINS, J.

This was an action in ejectment brought by the administrator with the will annexed of the estate of Xaver Radl, deceased,— which will was involved in Radl v. Radl, supra, page 81,— against the same defendant, and to recover possession of the same property, the homestead of the deceased in his lifetime. We held in that case that the written assent of the surviving husband or wife to a testamentary disposition of the homestead; required under the provisions of G. S. 1894, § 4470, need not be executed or given until after the decease of the testator; and, further, that the provisions of section 4472, relating to the renouncement of a will and a refusal on the part of the survivor to accept its terms and conditions, apply to a testamentary disposition of the homestead as well as to a like disposition of the estate mentioned in section 4471. The conclusion was that the plaintiff in that action, widow of the deceased, could not recover.

Here the contention is that, for the purpose of paying debts which have been proved and established against the estate, the administrator is entitled to possession of the premises, and to recover rents and profits while defendant has been in possession. We quite agree with the trial court that the devise of a homestead does not render it subject to any liability for the payment of a devisor's debts.

When living, the owner may sell and convey the homestead, or he may make a fraudulent transfer of the same, and such sale, conveyance or transfer does not render the property liable for his debts. It is absolutely exempt. The effect of section 4470 is to allow a homestead to descend or to be devised as therein provided, free from all claims on account of indebtedness. The election of the surviving husband or wife to take under the will in such a case does not affect the creditors, or take from them any assets out of which they are entitled to have their claims satisfied. The written assent of a surviving husband or wife to a testamentary disposition of the property has no effect upon the exemption, and cannot be regarded as rendering the same liable for the satisfaction of the devisor's debts.

Judgment affirmed.