HOWE LUMBER COMPANY v. BYRON L. PARKER.[1]

August 7, 1908.

Nos. 15,695—(199).

**Widow's Acceptance of Provisions in Will.**

  The acceptance by a widow of the provisions made for her in her husband's will constitutes a bar to her claim of dower in lands conveyed by him during coverture by deed of warranty in which the wife did not join; such claim of statutory interest being inconsistent with the provisions of the will. Fairchild v. Marshall, 42 Minn. 14. The rule *held* to apply when the will provided that "the portion allotted to my wife" "shall be in lieu of her dower and statutory right in all property belonging to me at my decease."

**Construction of Will.**

  The testator had conveyed lands by warranty deed; his wife not joining. The will gave her one-third of all the estate and property, both real and personal, and provided that she should also share in that part of the estate given to any child who died without issue living before the testator. A construction of the will which would allow the widow to take under the will, and yet retain her statutory interest in the lands conveyed during the lifetime of the testator, would render the estate liable for breach of the covenants of the deed, and thus affect the scheme of distribution provided for by the will, and it is *held* that such an intention does not clearly appear from the contents of the will, as required by G. S. 1894, § 4472.

  Action in the district court for St. Louis county to determine adverse claims to certain real estate. The case was tried before Dibell, J., who made findings of fact and as conclusion of law found plaintiff to be the owner of the land in controversy. From an order denying his motion for a new trial, defendant appealed. Affirmed.

  *Jaques & Hudson,* for appellant.
  *Sullivan & Grant,* for respondent.

ELLIOTT, J.

  This action was brought by the Howe Lumber Company against Byron L. Parker to determine adverse claims in fifteen hundred acres

  [1] Reported in 117 N. W. 518.

of land situated in St. Louis county, Minnesota. The trial court found that the plaintiff was the owner of all the land, and the defendant appealed from an order denying a motion for a new trial.

There is no controversy as to the facts. It is conceded that on August 14, 1890, Edward Parker, the then owner of the land, conveyed by deed with covenants of warranty all the timber on the land to M. J. Woodward in consideration of $16,668.75, with the right to enter upon the land and remove the timber at any time within five years thereafter. On the following day Parker, for an expressed consideration of $5, also conveyed the land to Woodward by deed with covenants of warranty, subject to the timber deed. On August 18, 1890, Woodward assigned the timber deed and quitclaimed the land to the Howe Lumber Company. During the time of these several transactions Edward Parker was a married man, but his wife did' not join in any of the deeds. Parker died on ,September 18, 1899, testate, and his will was probated in Iowa, and· thereafter, on November 11, 1901, in St. Louis county, Minnesota. His wife, Elizabeth Parker, refused to' act as executrix, and his son, Byron L. Parker, the appellant herein, was thereupon appointed executor. The inventory of the estate which he prepared contained no reference to the land involved in this action. Elizabeth Parker, the widow, filed no renunciation of the provisions made for her in the will, and on August 13, 1906, the probate court made its final decree. The widow thus accepted under the will. Jones v. Jones, 75 Minn. 53, 56, 77 N. W. 551. On October 5, 1906, Elizabeth Parker conveyed an undivided one-third interest in the land in controversy to Byron L. Parker.

The question arises upon the construction of the provisions of the will of Edward Parker. After devising and bequeathing three-ninths of all his "estate and property, both real and personal," to his wife, and one-ninth to each of his six children, the testator provided as follows:

"It is my wish and I do hereby direct that in the event of the decease of any of the above-named legatees or devisees without issue living before my decease, that his or her share herein shall be distributed and divided equally among the remaining of said devisees or legatees share and share alike, but in the event such deceased person shall

leave issue living, then his or her share shall go to and be divided among such issue."

Another paragraph of the will contains the following clause: "It is my will that the portion allotted to my wife, Elizabeth Parker, shall be in lieu of her dower and statutory right in all property belonging to me at my decease, and in the event she elects to accept the property or benefits in my estate provided for her by statute, then the portion herein devised and bequeathed to her shall be equally divided and distributed among the other legatees hereinbefore named."

It is conceded that the testator's intention, as declared in the will, must be given effect, and the appellant contends that it clearly appears that it was the testator's intention that the portion allotted to his wife should be in lieu of her dower or statutory right in all property owned by him at the time of his death, but that it should not be in lieu of her dower or statutory rights in lands conveyed by him during his lifetime without her joining in the deeds. The general policy of the law contemplates that the wife shall take either as widow under the statute or as legatee under the will. A condition by which she takes in part under the will and in part under the statute is anomalous, but nevertheless permissible, if such is the desire and intention of the testator. In order to avoid such results being brought about by doubtful construction, the legislature in 1893 amended the statute which provided for an election by a surviving husband or wife by adding thereto a proviso to the effect "that no devise or bequest in any last will or testament to a surviving husband or wife, shall be taken to be in addition to the right or interest secured to such survivor by statute in the estate of such deceased person, unless such clearly appears from the contents of the will to have been the intention of the testator or testatrix." Section 4472, G. S. 1894. Hence, before the appellant can prevail, he must show that it clearly appears from the contents of this will that Parker intended that his widow should receive three-ninths of all his "estate and property" without renouncing her statutory interest in the land which had been conveyed by him without her joining in the deed—an interest then inchoate, but which would become a vested estate upon his death. Griswold v. McGee, 102 Minn. 114, 112 N. W. 1020, 113 N. W. 382.

The language of the will may, with some show of plausibility, be given the meaning for which the appellant contends; but such a construction is too narrow and literal, and disregards other matters of controlling importance.   Parker had conveyed the land by a deed with covenants of warranty, and the vesting in his widow of a one-third interest upon his death would result in a breach of the warranty and subject his estate to liability therefor, and thus diminish to that extent the property left to the children.   Possibly, in view of the circumstances, the deed of the timber and that of the land, being practically contemporaneous, would be construed together as one conveyance; but, regardless of this, the actual consideration of the conveyance of the land could be shown.   It is inconceivable that, after making careful provisions in the will for his wife and children, Parker intended to add a special provision, contrary to that which is customary and contemplated by the statute, which would have the effect of inviting a lawsuit against his estate and destroying the scheme of distribution. It is more reasonable to assume that he expected to cure the defect in the title to the land which he had conveyed for a consideration, by making such a provision for his widow as would induce her to elect to take the same in lieu of her statutory rights.   The will gave her more than one-third of the estate, because it provides that she should share equally with the other legatees and devisees in any legacy which might fail by reason of the death of one of the children before that of the testator.

The case very much resembles that of Fairchild v. Marshall, 42 Minn. 14, 43 N. W. 563, and the language there used seems applicable. It was there held that the acceptance by a widow of the provisions made for her in her husband's will constitutes a bar to her claim of dower in lands conveyed by him during coverture by deed of warranty in which the wife did not join; such claim of dower appearing to be inconsistent with the provisions of the will.   The court said:

"Is she compelled to elect only as to rights given by law in the estate of which the husband died actually seised, or estates which he assumed to dispose of by the will, or must she go further, and elect as to similar statutory rights in real property conveyed by him in his lifetime, but the title to which his general estate must make good if the title prove defective?   The question points out the answer.

The reason why it was held to be contrary to the intention of the testator that the widow should have both the testamentary and the statutory or legal provisions in her favor was that the assertion of the latter by her would be hostile to and tend to defeat the general purpose of the will. This reason applies with as much force to rights to which the law entitles her in real estate which the husband had conveyed during coverture, with covenants and which the general estate left by him was bound by, as it does to such rights in estates of which he died seised. The assertion by the widow of the legal right, in the one case, would diminish the estate to be distributed under the will, and so tend to defeat its provisions precisely as it would in the other. The assertion of the right would be adverse to the estate left by the testator for distribution under the will and according to its terms. We therefore conclude that the acceptance by the widow * * *. of the provisions made for her in his will, was and is a bar to any legal claim in land aliened by him during coverture and by warranty deed. This view of the law commends itself to us, and seems to be supported by an unbroken line of authorities upon this precise question."

It is only necessary to determine whether the language used in this will clearly conveys an intention that the widow may take under the will upon electing to waive her statutory rights in the property owned by Parker at the time of his death, and retain her statutory rights in lands of which he had been seised during coverture and in the conveyance of which she had not joined. The language does not require such construction. It is true he states that the portion allotted to his wife shall be in lieu of her dower and statutory right in all property belonging to him at his decease; but, in view of other language used in the same paragraph, we cannot attach controlling importance to the words "belonging to me at my decease." It is a natural form of language, and not uncommonly used in wills. It conveys the popular idea, and if the draftsman intended to thereby provide for a peculiar condition of affairs, such as existed in the Parker family, it is difficult to believe that he would not have added the few words necessary to remove all doubt. But the will also provides that, if the wife "elects to accept the property or benefits in my estate provided for her by statute," then the portion devised and bequeathed to her shall be equally divided and distributed among the other legatees. As said by the

trial court, the intention of the testator is expressed that, if his wife elects to take the property and benefits in his estate provided for her by statute, she shall not take under the will; that is, if she elects to take under the will, she shall not take the property or benefits given by statute because of the marital relation.

An argument in favor of this conclusion may also be built upon the use of the words "dower" and "estate"; but we think it unnecessary to resort to such verbal distinctions, as we are satisfied that the learned trial court was right in holding that it does not clearly appear from the contents of the will that the testator intended that his widow might take all that he gave her by the will and yet retain a one-third interest in the lands which he had conveyed by deed with covenants of warranty, and thus subject his estate to liability for breach of such covenants.

The exclusion of evidence tending to show that the grantee in the timber deed and the deed of the land knew that Parker was a married man, and that Parker acted in good faith, even if erroneous, was not of sufficient importance to justify a reversal.

Order affirmed.