## EMMA LARSON v. W. H. CURRAN.[1]

March 20, 1913.

Nos. 17,805—(204).

**Homestead included in residuary devise.**

1. A testator by his will directed that all his just debts be paid out of his estate, and bequeathed and devised all the rest, residue, and remainder of his estate to his sister. This estate included the homestead of the testator, and he left surviving no wife, or child, or issue of a deceased child. It is *held*, by the residuary devise, the testator disposed of the homestead by his last will, within the meaning of R. L. 1905, § 3647, subd. 3.

**Devisee takes free from claim of creditors.**

2. Where a decedent, leaving no surviving spouse, child, or issue of deceased child, disposes of his homestead by his last will, the devisee takes it free from claims of creditors of the decedent, unless the testator clearly indicates an intention that the homestead shall be liable to the payment of his debts.

**Construction of will.**

3. Such intention is not indicated in the will in this case, construed as a whole and in the light of the surrounding circumstances.

1 Reported in 140 N. W. 337.

---

Note.—As to the right of heirs to exemption of homestead from ancestor's debts contracted prior to its acquisition, see note in 4 L.R.A.(N.S.) 544.

**Same.**

4. The general direction by the testator in the will to pay all his just debts out of his estate, followed by the devise of the residue, is not sufficient to indicate such intention.

**Occupation of homestead.**

5. That the homestead of the decedent is not, after his death, occupied as a homestead by a member of his family entitled to occupy it as such, does not affect its character as being exempt from liability for the decedent's debts.

**Not liable for testator's debts.**

6. Under the will herein construed, respondent took the homestead free and clear from claims of decedent's creditors.

W. H. Curran, as administrator with the will annexed of Martin Norseth, deceased, was granted by the probate court for Lyon county license to sell the homestead of decedent, and the probate court confirmed a sale made by the administrator. From the order of license and from the order confirming the sale, Emma Larson appealed to the district court for that county. The appeals were heard by Olsen, J., upon agreed facts, one of which was that none of the debts proved and allowed against the estate were liens upon the homestead prior to the death of the testator. The court made findings and as conclusion of law found that the debts allowed by the probate court were not valid charges against the homestead, and ordered judgment that the orders of the probate court be amended so as to except the homestead. From the orders of the district court modifying the orders of the probate court, the administrator appealed. Affirmed.

*Charles J. Traxler,* for appellant.

*James H. Hall,* for respondent.

BUNN, J.

Martin Norseth, a resident of Cottonwood, Lyon county, died January 15, 1911, leaving a will executed December 18, 1910. His wife died two years before, and there was living no child or issue of a deceased child. The respondent, Emma Larson, was a sister of Norseth, and had lived with him and cared for him for some time prior to his death. Deceased left an estate, consisting of real and personal property, appraised at $22,000. Part of the real property

consisted of the homestead of deceased. The will, after the usual formal recitals, directed the executrix "to pay out of my estate, as soon after my decease as shall be practicable, all the expenses of my last illness, all funeral expenses, and charges of all kinds relating thereto." Then followed this language: "It is my will and I hereby direct that all my just debts shall be paid out of my estate as soon as the same can be determined after my decease." After this was a devise and bequest of "all the rest, residue, and remainder of my estate, real, personal, or mixed," to his sister, Emma Larson, the respondent herein, who was named executrix, and given full power of sale, both as devisee and as executrix. Respondent declined to qualify as executrix, and W. H. Curran was appointed administrator with the will annexed.

The debts proved and allowed against the estate exceed the value of all the personal and real property, including the homestead, and the estate is insolvent. The administrator petitioned the probate court for license to sell all the real estate belonging to the estate including the homestead. After notice, license was granted, the property sold, and the sale confirmed. Emma Larson appealed to the district court from the order granting the license to sell, and from the order confirming the sale. After a hearing, the district court rendered its decision, ordering judgment modifying the orders of the probate court so as to exclude therefrom the real estate occupied by decedent in his lifetime as a homestead. From the judgment entered pursuant to such decision, the administrator appealed to this court.

As stated by appellant, the only question on this appeal is whether, under the will of decedent, the property occupied by him in his lifetime as a homestead passed to respondent free from the debts of decedent. This is a question of the intention of the testator as expressed in his will. That he had the right to give up his homestead to his creditors, there can be no doubt. But he had the right to devise the homestead, and the devisee would take it free from the claims of his creditors, unless the testator expressed an intention in his will that the homestead shall be subject to the payment of his debts. R. L. 1905, § 3647; Eckstein v. Radl, 72 Minn. 95, 75 N. W. 112.

It is claimed that the homestead was not devised by the will, and therefore, as there were no children or issue of deceased children, it descended to the heirs of deceased, subject to his debts. The conclusion would follow if the premises were correct, but we think the will did "dispose of" the homestead to respondent. The statute says that the homestead may be disposed of by decedent's last will. It does not say that the testator must make a specific devise thereof, but simply that he may dispose of it. He devised to respondent "all the rest, residue, and remainder of my estate, real, personal, or mixed." The rule stated in 2 Underhill on the Law of Wills, 1057, that the homestead will not pass under a general or residuary devise of the estate of the testator, but will, on his death, go to the persons mentioned in the statute, has no application to cases where there are no persons who are by statute entitled to the homestead, even conceding that it is correct where the testator leaves a surviving spouse or children. It is probably correct that an intention to devise the homestead will not be presumed when the law forbids a disposition thereof to which the surviving spouse has not assented in writing, or when there are children to whom it would descend in the absence of a devise. But when there is no surviving spouse, and no surviving children, or issue of deceased children, there is no reason to adopt a strained construction of the will in order to arrive at a conclusion that the homestead is not devised. We think that "all the rest, residue, and remainder of my estate, real, personal, or mixed," included the homestead.

Did respondent under the will take the homestead subject to the payment of the debts of the testator? Clearly not, under R. L. § 3647, and the decision in Eckstein v. Radl, unless the language of the will, construed as a whole and in the light of the surrounding circumstances, indicates that the testator so intended. There is nothing in the surrounding circumstances that tends to show that the testator would naturally desire to give up to his creditors property that they never had any right to look to for the payment of their claims, while there is much to indicate a natural wish to provide for the sister, who, after the death of his wife, had kept his house in order and administered to his comfort in his days of illness. She

was not only a creditor, but a sister, his nearest and most favored relative. His intention to give her something of value is clearly apparent. He makes her the sole beneficiary, and appoints her executrix, with power of sale. He must have known that his debts were greater than the value of all his property, and that a devise of his homestead subject to his debts would give the beneficiary absolutely nothing. He knew, also, that his creditors had not trusted him on the faith of his ownership of the homestead, and could not look to that for payment, unless he failed to make a will, or made their claims a charge upon the devise. The surrounding circumstances, in a word, do not show a probable or natural intention to give exempt property to his creditors rather than to the sister, who had occupied the homestead with him, and cared for him.

Great reliance is placed upon the direction of the testator "that all my just debts shall be paid out of my estate as soon as the same can be determined after my decease," and upon the fact that this clause precedes the provision devising and bequeathing "all the rest, residue, and remainder of my estate" to his sister. Is this direction to pay debts, followed by the devise of the residue, sufficient to indicate an intention on the part of the testator to charge the homestead with the payment of his debts?

In the absence of a statute charging debts upon real estate where the personal estate is insufficient to pay them, there is conflict in the authorities as to whether a general direction to pay legacies or debts out of the estate, followed by a residuary devise, is sufficient to charge the real estate with their payment; but the weight of authority in this country seems to be that it is not. Hoyt v. Hoyt, 85 N. Y. 142; Brill v. Wright, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. 717; Hamilton v. Smith, 110 N. Y. 159, 17 N. E. 740; Meyer v. Cahen, 111 N. Y. 270, 18 N. E. 852; Starke v. Wilson, 65 Ala. 576; Cooch v. Cooch, 5 Houst. (Del.) 540, 1 Am. St. 161; In re Bingham, 127 N. Y. 296, 27 N. E. 1055; Cross v. Benson, 68 Kan. 495, 75 Pac. 558, 64 L.R.A. 560.

The effect of these authorities and others is that, in order to charge real estate with the payment of legacies or debts, there must be a clearer expression of an intention to do so than can be derived from

:a general formal direction to pay legacies or debts out of the estate. Of course, under our statute, and under the present statutes of other ·states, the unexempt real estate devised by a testator is subject to the payment of legacies and debts if the personal estate proves insufficient, and the cases are important only as indicating the rule in the :absence of statute, and as applied to a devise of exempt property.

There is, to our minds, greater reason for holding that a general formal direction to pay debts out of the estate does not indicate .an intention to charge exempt property with their payment than there ever was for holding that such a direction did not charge any real estate with the payment of debts. The history of the consti- -tutional and statutory provisions in this state in regard to the ex- -tent and character of the homestead exemption shows a steadily advancing policy in favor of the debtor, his family, and his grantee ·or devisee. For example, as the law was before 1889, only the life .estate of the surviving spouse was exempt from the debts of deceased; the fee being assets of his estate for the payment of such ·debts. By Laws 1889, p. 106, c. 46, § 63 (G. S. 1894, § 4470), if there was no child or lawful issue of a deceased child living, the homestead descended to the surviving spouse- in fee. If there ·was a child or issue of a deceased child living, a life estate descended to the surviving spouse, with remainder in fee to the child or chil- -dren. If there was no surviving spouse, it descended to the child or ·children and the issue of deceased children in fee. In all these cases the homestead was absolutely exempt from liability for the debts of the deceased. In case there was no surviving husband or wife, and -no children or issue of deceased children living, the homestead de- ·scended in like manner as other property of the deceased and subject in like manner to his debts. Under R. L. 1905, § 3647, the ·testator may dispose of his homestead by will, and, if he does, it ;goes free from his debts. Eckstein v. Radl, supra. By this provision the legislature extended the scope of the homestead exemption, so as to give the benefit thereof to a devisee of the testator, whether a member of his family or not.

The whole trend of legislation on the subject of the descent of ʈhe homestead free from debts is indicative of a policy that cred-

itors of the deceased shall have no recourse to the homestead, unless the debtor leaves no spouse or children, and either makes no devise thereof, or clearly indicates an intention to make a devise thereof subject to the claims of his creditors. The general rule is that only property of the decedent that was unexempt in his lifetime is after his death subject to his debts, and we think that it is and ought to be the law that a general direction in the testator's will to pay his debts out of his estate, whether it precedes or follows in the will a devise of the exempt property, does not have the effect of charging the homestead with the payment of debts. The direction to "pay all' my just debts" "out of my estate" is a purely formal phrase, commonly employed and really superfluous. To give it the meaning that it amounts to a direction by the testator that the homestead devised to his sister shall be charged with the payment of his debts would be to attach altogether too much significance to a well-worn stereotyped expression that really means nothing, any more than do the very common assertions by a testator that he is of sound mind, and aware of the uncertainties of this frail and transitory life.

The case of Cross v. Benson, previously cited, is strongly in point, and not distinguishable from the case at bar. After quoting from Hamilton v. Smith, 110 N. Y. 159, 17 N. E. 740, the rule of that and the other cases, herein referred to, that payment of debts will not be charged upon a devise of real estate without clear evidence of such an intent in the will, and that the intention may not be presumed merely from the use of formal words, or the presence of commonly employed phrases, the court says:

"Much more imperative and unequivocal must be the language of a will which would subject to the payment of debts that property toward which the eye of the creditor need never be turned." The fact that in Cross v. Benson there was a wife and children to whom the homestead would have descended in the absence of a will is not sufficient to distinguish that case from this in principle, or to detract from its authority. Our conclusion is that the testator did not in his will, construed as a whole, indicate an intention to subject his homestead to the payment of his debts.

Appellant contends that the property lost its exempt character

upon the death of the testator, because no member of his family survived him who was entitled to occupy it as a homestead. But it is not the occupancy by the heirs or devisees of the testator that controls the question of exemption from the testator's debts. This is so well settled that no discussion or citation of authority is necessary.

We hold that the homestead of Martin Norseth was devised by him to his sister, the respondent, and that she took it free and clear from his debts. The trial court correctly held that the homestead was not assets of the estate, and could not be sold to satisfy the claims of Norseth's creditors.

Judgment affirmed.