# EDWARD T. CONNELLY v. MICHAEL McMAHON and Others.[1]

June 13, 1913.

Nos. 18,042—(136).

**Will — widow's acceptance — sale of homestead.**

Where a testator bequeathed to his wife the balance of his personal property after the payment of his debts and funeral expenses, and, after directing the sale of all his lands and making provision for the payment of debts and certain legacies from the proceeds thereof, ordered that the balance should be invested, and that his wife should be paid a certain sum annually for her support during her lifetime, with certain legacies to his children after her death; the widow's written acceptance of the provisions of the will, duly filed in the probate court, precluded her from claiming the proceeds of the sale of the testator's homestead as being exempt from liability to the payment of a contingent claim duly allowed against the testator's estate.

Action in the district court for Sibley county against defendant McMahon and the sureties upon his bond as administrator de bonis non with the will annexed of the estate of Thomas McMahon, deceased, to recover $453.47, the amount of plaintiff's claim against the estate which had been allowed by the probate court of that county. The answer, after admitting the facts stated in the complaint, alleged that the moneys of the estate in the hands of defendant as such administrator were part of the proceeds arising from the sale of the homestead of decedent and his wife which was exempt from all liability for debts against the estate. The case was tried before Morrison, J., who made findings of fact and ordered judgment in favor of defendants. From an order denying plaintiff's motion for a new trial, he appealed. Reversed with directions to amend the conclusions of law in conformity with the opinion.

[1] Reported in 142 N. W. 16:

Note.—As to election by widow between provisions of will and other rights, see note in 18 L.R.A.(N.S.) 272.

122 M.—8.

*W. F. Odell,* for appellant.
*W. H. Leeman,* for respondent.

PHILIP E. BROWN, J.

On April 13, 1902, Thomas McMahon, then a resident of Sibley county, died testate. His will was duly admitted to probate on August 19, 1902, and one Thomas Bowser was appointed and qualified as executor and continued to act in such capacity until his discharge on November 22, 1910. The defendant Michael McMahon was then appointed and qualified as administrator be bonis non with the will annexed, executing a bond in the sum of $1,000, with his codefendants as sureties. The will contained the following provision:

"I order and direct that my executors hereinafter named pay all my just debts and funeral expenses as soon as convenient.

"2. After the payment of the funeral expenses and debts, I give, devise and bequeath to my beloved wife Anne McMahon, all my personal property that I may die possessed of."

"I order and direct that my executors hereinafter named sell and dispose of my real estate, and authorize them to make and execute a proper deed with covenants to the purchaser or purchasers, and to accept and receive proper securities for the purchase price of said property. I further direct that out of the proceeds my said executors pay all my just debts, and after payment of the same that they loan the balance received by them after the payment by them of the following bequests (here follow several small bequests to clergymen) which bequests I order paid by my executors out of the sale of my property, and the balance invested by them in some good security. I order and direct that my executors shall pay to my wife Anne McMahon for her support the sum of $200 annually each and every year during her lifetime. After the death of my wife I order that my executors shall pay to my children the following legacies, or sums of money, to-wit" (here follow the legacies).

The testator was survived by his wife, Anne McMahon, and by several children, and after the probate of the will his surviving spouse expressly assented to the terms of the will by an instrument

in writing, filed in the probate court on October 7, 1902. At the time of his death the testator owned a farm comprising 150 acres, 80 acres of which constituted his homestead. The executor Bowser, under the direction and license of the probate court, sold the farm as one tract and received therefor $7,500, out of which he paid a mortgage on the land and other debts, in all amounting to $5,254.56, and paid the widow $200 each year to the time of his discharge. His successor, the defendant McMahon, continued to make the $200 annual payments to the surviving spouse, who is still living, and on November 22, 1911, when a demand was made upon him by the plaintiff for the payment of the claim which forms the basis of this action, he had in his hands belonging to the estate, $522.23, since which date he has paid to the widow for her support and maintenance $50, leaving $495 in his possession as administrator, which amount is all that is left of the estate. The deceased, in his lifetime, became surety with the plaintiff upon an administrator's bond, and, default having been made thereon, litigation ensued which ripened into a judgment against the bondsmen, which the plaintiff paid. Thereafter he filed his claim for contribution against the estate of the deceased, which was allowed as a contingent claim on November 22, 1911, in the sum of $453.57. Demand was made upon the administrator for the payment of the claim, and thereafter upon his sureties, his codefendants. All of them refused to pay, and, after leave obtained from the probate court, the plaintiff brought this action upon the bond of the defendant McMahon to recover the amount last stated.

The action was tried to the court, and findings made in substantial accord with the facts stated, but, in addition thereto, the court made an amended finding as follows:

"That the money now in the hands of Michael McMahon as such administrator is money realized from the sale of said homestead."

The court's conclusions of law were to the effect that the money in the hands of the defendant administrator was exempt and not liable for the claims against the decedent sued upon, because the money was realized from the sale of the homestead, to which, under the provisions of the will, the widow was entitled for her support.

Judgment was ordered for the defendants. The plaintiff appealed from an order denying a new trial.

1. The grounds upon which the trial court determined the action have been sufficiently indicated. No dispute arising as to the facts and the amended findings being unchallenged, it is necessary to consider only the question of whether the proceeds of the sale of the homestead remaining in the possession of the administrator are exempt, as to the widow, from the claim of the plaintiff against the estate of the deceased.

General Statutes of 1894 were in force at the time the surviving widow assented to the will, and sections 4470, 4471, thereof are concededly the same in substance as the present statute. The provisions of these sections gave the widow the alternative of taking a life estate in the homestead of the deceased free from all debts or claims upon the estate and also one-third of his other lands, or of accepting the provisions of the will made in her behalf. Having chosen the latter, the question arises as to her status with reference to the proceeds of the sale of the homestead. Shall the statutes or the will control? Clearly she cannot take under both. The defendants' position is that, inasmuch as our statutes exempted the homestead and the proceeds thereof from all claims of the testator's creditors so long as either the widow or the children of deceased survived, neither the disposition of the homestead by the decedent's will, nor the surviving spouse's assent thereto, has any effect upon the exemption. We may admit the first part of the premise, but nevertheless the general rule is that, after an election has been made, the will must be held to control the disposition of the estate, and it logically follows in such event that, as to cases coming within the general rule, all questions of statutory exemptions become immaterial. An exception is made when the will contains provisions showing a different intention on the part of the testator. Then the statutes may be referred to for direction.

In line with the rule stated, this court has held statutory elections applicable to a homestead. Radl v. Radl, 72 Minn. 81, 75 N. W. 111. In Jones v. Jones, 75 Minn. 53, 77 N. W. 551, the failure of the wife to elect was held to deprive the children of any interest in the

homestead devised to another. The reasoning in Fairchild v. Marshall, 42 Minn. 14, 43 N. W. 563, and Howe Lumber Co. v. Parker, 105 Minn. 310, 117 N. W. 518, illustrate both the general rule and the exception. In the former it was held that the acceptance by the widow of the provisions of her husband's will constituted a bar to her claim of dower in lands conveyed by him during coverture in which she did not join, because such claim of dower was inconsistent with the will. In the Howe Lumber Company case the same conclusion was reached, the court saying at page 312 : [1]

"The general policy of the law contemplates that the wife shall take either as widow under the statute or as legatee under the will. A condition by which she takes in part under the will and in part under the statute is anomalous, but nevertheless permissible, if such is the desire and intention of the testator."

It is obvious that, in a case coming within the general rule, a contrary holding would not only diminish the estate to be distributed under the will, deprive those of benefits thereunder who are entitled to them and have no right of election, all contrary to the intention of the testator, and destroy the general scheme of the will. The result last indicated would follow, were we to adopt the defendants' theories. The widow's consent to take under the will, however, must be construed with reference to the intent of the testator. Baldwin v. Zien, 117 Minn. 178, 134 N. W. 498. In the present case the testator expressly directed the sale of all of his real property, including the homestead, and the payment of his debts out of the proceeds, and we think the validity of the plaintiff's claim and his right to have it paid out of the fund so created would not have been seriously doubted had it been an existing demand when the testator died. The fact, however, that the claim was a contingent one is not a differentiating circumstance. We find nothing in the record to warrant us in excepting the case from the operation of the general rule, and hold that the fund, although arising from the sale of the homestead of the deceased, should be applied in payment of the plaintiff's claim. Nothing is said in Eckstein v. Radl, 72 Minn. 95, 75 N. W. 112, or in Larson v. Curran, 120 Minn. 534, 140 N. W. 337, which militates against the views expressed. The substance of the decision in the

[1] [117 N. W. 519].

former is that when a homestead is devised by the husband to a person other than the wife, and she assents to the will, it remains exempt from the debts of the testator.

Reversed with directions to amend the conclusions of law in conformity with this opinion.