GEORGE A. SMITH, executor, *vs.* AMERICAN MISSIONARY ASSOCIATION & others.

Worcester.     September 27, 1921. — October 17, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Devise and Legacy. Evidence,* Extrinsic affecting writings. *Probate Court,* Bill for instructions. *Equity Pleading and Practice,* Report. *Words,* "Living."

In a will, whose first seven clauses describe legacies given to certain corporations, the next ten clauses legacies to individuals, and whose eighteenth clause directed the executor to convert the rest and residue of the estate into cash "to be divided equally between all of the above named legatees living at the time of my decease," the word "living" in the eighteenth clause does not in any

way limit the gift of the residue to the individual legatees named in clauses eight to seventeen inclusive to the exclusion of the corporations named in the first seven clauses, and the division directed by the eighteenth clause should be among those persons and corporations described in the first seventeen clauses who are in existence at the time of the death of the testator.

The will above described is not ambiguous, and, in a suit in equity for instructions, evidence should not be heard which tends to show that the testator told the attorney who drew the will, upon inquiry by him, that he had not thought what he would do with the residue, and finally said, "I will give it to the persons that are living at my decease;" and that, after he had made his will, he had said to an aunt that he "had left to the church societies a certain amount, and the rest" he "would divide equally among the cousins, with the exception of one."

Before a report to this court of a suit in equity in the Probate Court by an executor of a will for instructions, a decree should be entered that the bill be taken *pro confesso* as to all defendants upon whom service has been made or who have waived service, and who have not answered.

BILL IN EQUITY, filed in the Probate Court on March 8, 1921, by the executor of the will of Mary A. Smith, late of Worcester, for instructions.

The pleadings are described in the opinion.

The suit was reported by *Forbes,* J., to this court for determination upon the bill, answers and certain agreed facts, described in the opinion.

*T. H. Gage,* for the plaintiff.

*R. J. Hastings,* for the defendants, submitted a brief.

CARROLL, J.  The will of Mary A. Smith was executed on February 21, 1900.  In clauses two to seven, inclusive, legacies were bequeathed to certain corporations, and by clauses eight to seventeen inclusive, legacies were given to the individual legatees named.  By the eighteenth clause of the will the testatrix directed her executor to convert the rest and residue of her estate into cash "to be divided equally between all of the above named legatees living at the time of my decease."  The executor in his bill in equity in the Probate Court asks to be instructed whether the eighteenth clause of the will requires the residue to be distributed "among all the societies, corporations and persons mentioned in said clauses two to seventeen inclusive, or to be confined to those persons mentioned in clauses eight to seventeen inclusive," and whether "the legatees entitled to share in the residue, take equal amounts, or in proportion to their respective legacies?"  It was agreed that the corporations

mentioned in clauses two to seven, inclusive, were at the time of the execution of the will and ever since corporations with charters unlimited in time and are now in the active exercise of their franchises. In the report of the judge of probate, it is stated that the individual legatees claimed that they were entitled to the whole of the residue of the estate and that the corporations claimed that they were entitled to share equally with the individual legatees in said residue. The attorney who drew the will testified that he asked the testatrix what she was going to do with the residue, and that she replied substantially, "I haven't thought about that," and finally she said "I will give it to the persons that are living at my decease." Another testified that soon after Mary A. Smith, the testatrix, made her will, an aunt of the witness informed her that "Mary A. Smith told her that she had left to the church societies a certain amount, and the rest she would divide equally among the cousins, with the exception of one." The report of the judge states, "If this evidence is material and competent, then it is to be considered by the full court, otherwise rejected."

In the eighteenth clause of her will, the testatrix gave the residue of her estate to "all of the above named legatees living at the time of my decease," and the residue was to be divided equally between them. She did not in the residuary clause, limit her gift to the individual legatees and she did not describe the objects of her bounty as individual legatees. She desired to have the residue distributed among all whom she had previously mentioned as legatees. Because she used the word "living" in describing the legatees who were to take, she did not thereby confine the gift to the individuals mentioned. The word "living" in common speech is not confined to individuals. It is applicable to things as well. We even speak of our language as a living language. It is frequently employed in connection with societies, institutions and corporations and is used in the sense of existing, surviving or continuing in operation. It cannot be successfully contended that the use of the word "living" in any way limits the gift of the residue to the individual legatees, to the exclusion of the corporations mentioned.

There is no ambiguity in the will. Its meaning was clear and the evidence offered was incompetent and must be excluded.

The intent of the testatrix was expressed in the language of the will and it cannot be reformed or remodelled by parol evidence so as to change or alter this intent when it is clearly expressed. There was no such ambiguity in the language of the will or its application to the subject matter of the legacies as to make parol evidence admissible. The subsequent declarations of the testatrix, indicating her view of the meaning of the language employed, or her purpose in making the residuary gift were inadmissible to contradict the terms of the will, or to control or alter her legal intent as shown by the will itself. *Walton* v. *Draper,* 206 Mass. 20. *Sibley* v. *Maxwell,* 203 Mass. 94. *Best* v. *Berry,* 189 Mass. 510. *Denfield, petitioner,* 156 Mass. 265. *Foster* v. *Smith,* 156 Mass. 379, 385. *Tucker* v. *Seaman's Aid Society,* 7 Met. 188.

It appears from the report that all of the corporations appeared and filed an answer. One of the individual legatees entered an appearance but filed no answer. The executor also filed an answer in his individual capacity. None of the other individual legatees appeared or answered. A decree taking the petition *pro confesso* should have been entered against the respondents who failed to appear, or appearing, failed to file answers. Equity Rule 8. See *Goff* v. *Hathaway,* 180 Mass. 497; *White* v. *White,* 169 Mass. 52.

A decree is to be entered instructing the executor that the residue of the estate is to be divided equally among all the legatees, individuals and corporations, mentioned in the will in clauses two to seventeen inclusive, who were living at the time of the death of the testatrix.

*So ordered.*