IN RE ESTATE OF FRANK W. CHASE.
NELLIE P. GIFFIN AND FANNIE P. FULLER, APPELLANTS.[1]

January 9, 1931.

Nos. 28,196, 28,197.

[1]Reported in 234 N. W. 294.

*Keller, Broady & Chapin,* for appellants.
*Keefe & Fallon,* for respondent. .

LORING, J.

These two cases involve claims against the estate of Frank W. Chase, who died testate in Ramsey county October 18, 1927. The claimants are stepdaughters of the testator. Their mother had predeceased her husband. She had, during her lifetime, lent $3,000 to Chase to enable him to buy a flat building on Grand avenue in St. Paul, in which building they made their home and which was Chase's homestead at his death. After their mother's death Chase gave each of the claimants his note for $1,500 to take the place of a $3,000 note he had given for the money so borrowed. Prior to her death their mother had expressed herself in a letter as follows:

"At my death I want my daughters Nellie P. Giffin and Fannie P. Fuller to have the income from the three (3) thousand dollars in my home 994 Grand avenue, as long as my husband, Frank W. Chase, lives. At his death, or in case he sells the property, then the note is to be divided equally."

After her death there was considerable. correspondence between Chase and the claimants. In one letter he quoted his wife's written request and said that he intended to carry it out. At one time he offered claimants a second mortgage on the property, but on account of its inconvenience to him this was not given.

At his death he possessed no real estate other than this apartment building which was his homestead and practically no nonexempt personal property. He left a will in which he directed "that all my just debts and funeral expenses be paid as soon after my decease as conveniently can be done." Then followed bequests of his personal and household effects and of various sums of money to his housekeeper and certain relatives, but nothing to these claimants.

His niece was named as residuary legatee. After that came a clause which reads as follows:

"For the purpose of carrying out the provisions of this my will, I direct that my home at 994 Grand Avenue, St. Paul, Minnesota, be sold by my executor as soon after my death as can conveniently be done * * * at public or private sale * * *."

This will was admitted to probate in Ramsey county, where the court made an order directing the executor to pay these claims out of the proceeds of the homestead. From this order an appeal was taken to the district court, which reversed the order of the probate court in so far as it directed the payment of the claims out of the proceeds of the homestead. A motion for new trial was made, and from an order denying that motion this appeal is taken.

It is the contention of the claimants that the correspondence between the testator and the claimants constitutes an enforceable contract justifying the appropriation of sufficient of the proceeds of the homestead to the payment of these claims. It is also claimed that the direction to turn the homestead into cash constitutes an equitable conversion of the homestead into a nonexempt fund from which the debts may be paid. The further claim is made that the direction in the will that the homestead be turned into cash for "the purpose of carrying out the provisions" of the will constitutes a direction to pay debts out of such proceeds because a direction to pay debts is one of the "provisions" referred to.

As opposed to this last proposition the executor cites the cases of Larson v. Curran, 121 Minn. 104, 140 N. W. 337, 44 L.R.A.(N.S.) 1177, and Eckstein v. Radl, 72 Minn. 95, 75 N. W. 112. The Larson case was one in which the testator, although directing payment of his debts, did not include a direction that the homestead be sold to carry out the provisions of his will. He left a large amount of nonexempt property which even without a direction to that effect would have been subject to the payment of his debts. The court there held that no intent was shown to subject his homestead to his creditors as against his sister, his residuary legatee. Obviously, that is a very different situation from the one at bar, where the testator with-

out children or surviving spouse had specifically directed the sale of the homestead to provide funds for the purposes of the will.

Eckstein v. Radl, 72 Minn. 95, 75 N. W. 112, was another case where a provision to pay debts was unaccompanied by a direction to sell the homestead. The court did not discuss the effect of the bare direction to pay debts.

In this connection we are not unmindful of the fact that in two previous wills the testator here involved had included a specific provision, omitted from his last will, for the payment of these particular debts, and that without objection the attorney who drew the last will testified that Chase stated he did not want these claimants to have anything. It is fundamental that the intention of a testator must be sought in the language of his will, and if that is clear, what he meant to say and did not is foreign to the inquiry. No violence must be done to the language used. Except in cases of equivocation and in some cases of ambiguity, parol evidence, in the sense of declarations of the testator directly expressing his testamentary intentions, is not admissible. To admit it is to ignore the requirement that the will be in writing. Wilkins v. Allen, 18 How. 385, 15 L. ed. 396; Mackie v. Story, 93 U. S. 589, 23 L. ed. 986; Wooley v. Hays, 285 Mo. 566, 226 S. W. 842, 16 A. L. R. 1; Tomlin v. Laws, 301 Ill. 616, 134 N. E. 24, 26 A. L. R. 606; Defreese v. Lake, 109 Mich. 415, 67 N. W. 505, 32 L. R. A. 744, 63 A. S. R. 584; McDermott v. Scully, 91 Conn. 45, 98 A. 350, Ann. Cas. 1917E, 407; Day v. Webler, 93 Conn. 308, 105 A. 618; Jones v. Bennett, 78 N. H. 224, 99 A. 18; Smith v. American M. Assn. 240 Mass. 26, 132 N. E. 358; 28 R. C. L. p. 281, § 252; 5 Wigmore, Ev. (2 ed.) § 2470, et seq.

We therefore do not resort to the declarations referred to in interpreting this will but take it by the four corners and read the document as a whole. So read there is no ambiguity nor equivocation. The will directs the payment of debts. In a situation where there is nonexempt property and no further direction in regard to exempt property, this clause may be treated as surplusage as against a residuary devisee, as it was in Larson v. Curran, 121 Minn. 104, 140

N. W. 337, 44 L.R.A.(N.S.) 1177; but in a situation like that before us where substantially all, if not all, of the testator's property is known by him to be exempt, that sort of a provision, when coupled with a direction to dispose of the exempt property to carry out the provisions of the will, cannot be considered as surplusage or discarded from the instrument by construction without doing violence to the language. It may be that Chase intended to omit his creditors; but if he did he failed so to express himself and did express himself to the contrary in plain terms which we cannot ignore without in effect striking the clause directing their payment from the will. In this case he consulted a lawyer of high standing, skilled in the drafting of wills, which places the matter in a somewhat different light from what it would be if we were dealing with a crude instrument drawn by a scrivener unfamiliar with the law. 1 Page, Wills (2 ed.) § 810; Brizendine v. American T. & S. Bank, 211 Ala. 694, 101 So. 618.

We therefore hold that the proceeds of Chase's homestead, when it is disposed of as provided in the will, are available for the payment of debts. It is unnecessary for us to determine the other two points raised by appellants, and we refrain from doing so.

The order appealed from is reversed with directions in accordance with this opinion.