## IN RE ESTATE OF JULIANA ELIZABETH OVERVOLD.[1]

June 24, 1932.

No. 28,867.

[1]Reported in 243 N. W. 439.

*Daly & Barnard* and *Paul D. Stratton,* for appellants.
*A. C. Severson,* for Ed J. Nelson, respondent-administrator.
*Johnson & Hoel,* for respondent Bank of Canby.

OLSEN, J.

Ernest Overvold and Clifford Overvold, hereinafter called the appellants, appeal from a judgment entered in the district court.

Juliana Overvold died testate on March 6, 1923. She left surviving her as her heirs her husband, Ed B. Overvold, and her two sons, appellants above named. One son was of age and the other about 17 years old at that time. Juliana Overvold owned personal property and an improved farm consisting of a quarter section of land in Yellow Medicine county upon which she and her husband resided. Eighty acres thereof was their statutory homestead.

On October 26, 1922, Mrs. Overvold duly made her last will. Therein she directed that all her just debts and funeral expenses

be first paid. All the rest, residue, and remainder of her estate and property, real and personal, she devised to her two sons, with a direction to them to furnish her husband, Ed Overvold, a home with them, and to furnish him with proper food and clothing as he should desire. Other than as so directed, she stated that she expressly made no provision for her husband. At the time the will was made the husband executed and acknowledged his written consent to all the provisions of the will, and same was attached thereto. The husband claims no share or interest in the property. The will was duly admitted to probate on October 22, 1923. The husband, named as executor in the will, declined to act, and one Ed J. Nelson was appointed as administrator with the will annexed.

Claims of general creditors against the estate amounting to over $5,000 were filed and allowed in the probate court. The quarter section of land was subject in its entirety to a mortgage of $12,000, which with accrued interest amounted to about $13,000. The personal estate, appraised at $3,308, was insufficient to pay the funeral expenses, taxes, and interest, expenses of administration, the mortgage lien on the farm, and claims of creditors. The administrator petitioned for and was granted license to sell the real estate. In the sale proceeding the land was appraised, the homestead 80 at $10,800, and the other 80 at $5,600, a total of $16,400. The administrator sold the entire quarter section as one tract for $18,800. The sale was confirmed. The purchaser assumed the mortgage in the amount of $12,000 and paid to the administrator the balance of $6,800. On January 7, 1929, the administrator made his final account to the probate court. He reported the total amount received by him from all sources and the payments made for expenses of funeral, last sickness, taxes, insurance, interest on the mortgage, and expenses of administration. He reported a balance on hand of $4,052.37, which he proposed to apply and pay pro rata upon the allowed claims of creditors, the sum being insufficient to pay claims in full. The record before us does not disclose any hearing upon the administrator's account.

Thereafter, on March 20, 1929, the appellants presented a petition to the probate court alleging in substance that the money in

the hands of the administrator was the proceeds of the sale of the homestead, was exempt from debts against the estate, and was the property of and should be paid to the appellants. A hearing on this petition was had on September 4, 1929. Thereafter, on October 14, 1929, the probate court made its findings and decision finding that the fund of $4,052.37 in the hands of the administrator was money received from the sale of the homestead, was exempt from the claim of creditors of the estate, and was the property of and should be paid over to. the appellants, Ernest and Clifford Overvold.

The matter was brought into the district court by certiorari and appeal from that decision of the probate court. The case was tried in district court, findings of fact and conclusions of law were made, and judgment was entered. This appeal followed. There are no pleadings and no settled case. The facts stated are substantially as found by the trial court and disclosed by the judgment roll.

The controversy is between the general creditors of the estate and the appellants, as devisees under the will, as to which of them are entitled to the fund in the hands of the administrator. The district court, upon the facts found, reversed the decision of the probate court, held that the creditors were entitled to the money in the hands of the administrator and ordered it distributed to such creditors. That court found and held in substance as follows:

(1) That the direction in the will, that the just debts of the testatrix be first paid, made such debts a charge upon the homestead.

(2) That the appellants, Ernest and Clifford Overvold, had at all times notice and knowledge of all the proceedings in the probate court and of the purposes for which the property was sold, and at no time made any objection thereto or objected to the sale of the farm, but, on the contrary, favored, sanctioned and approved thereof. Based on this finding, the court held that the appellants had waived and surrendered any right they might otherwise have had to claim the proceeds of the homestead as exempt.

(3) That the order and decision made by the probate court were made without notice to the creditors of the estate and that the probate court had no authority or jurisdiction to make the same.

■ The primary question presented and argued here is whether the homestead in question, devised as here shown, such devise having been duly consented to by the surviving spouse, passes to the devisees exempt from the debts of the testatrix. There are decisions from other states, such as Kiesewetter v. Kress, 24 Ky. L. Rep. 1239, 70 S. W. 1065, and Rudd v. Searles, 262 Mass. 490, 160 N. E. 882, 58 A. L. R. 1548, to the effect that one who takes under a will thereby confirms and ratifies all the provisions of the will, including the provision or direction for the payment of debts. Just what the statutory provisions in those states were as to the homestead, or what their effect, does not clearly appear. There is force in the reasoning that one who takes under a will takes subject to all the provisions thereof, including the provision for the payment of debts. But under our statutes and decisions as to descent and devise of the homestead, the law as applied to the devise of a homestead has been established on a different basis. G. S. 1923 (2 Mason, 1927) § 8719, provides.: '

"The homestead of such decedent shall descend, free from any testamentary or other disposition thereof to which the surviving spouse, if there be one, shall not have consented in writing, and exempt from all debts which were not valid charges thereon at the time of such death, as follows:"

Then follow subds. 1 and 2, providing how it shall descend in case there is a surviving spouse but no children, and in case there are both a surviving spouse and surviving children or issue of children. Then follows subd. 3, reading as follows:

"In all other cases such homestead may be disposed of by decedent's last will. If not so disposed of, it shall descend the same as his other real estate, but exempt from his debts if inherited by his surviving children or the issue of children deceased."

Section 8722 of the statutes provides for election by the surviving spouse between provisions made in the will and the rights secured to such spouse by statute. This section may have little, if any, application here, where the surviving spouse has consented to the

will at the time it was made. But it has been held that a failure to renounce the will has the same legal effect as a written consent to the will. Hence cases arising under this section may have a bearing on the question.

Section 8336 of the statutes is the general homestead exemption law.

In Eckstein v. Radl, 72 Minn. 95, 75 N. W. 112, the testator devised the homestead to the defendant, one of his children. The surviving wife assented in writing to the testamentary disposition thereof. The assent to the will was made after the death of the testator but was held to have the same effect as if given at the time of the making of the will. The first paragraph of the Radl will provided as follows:

"First, I order and direct that my executors hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be."

For the purpose of paying debts, the plaintiff, as administrator with the will annexed, sought to recover from the devisee the possession of the homestead and the rents and profits therefrom. This court affirmed the holding of the trial court that the devise of the homestead so made did not render it subject to any liability for the payment of the testator's debts. This court referred to the fact that the testator, while living, could sell and convey or give away his homestead, if consented to by his spouse, without rendering it subject to his debts; that it was absolutely exempt; and held that the effect of G. S. 1894, § 4470 (now G. S. 1923 [2 Mason, 1927] § 8719) was to allow a testator to devise his homestead, as therein provided, free from all of his debts; that such devise does not take from the creditors anything out of which they are entitled to have their debts paid; that the written assent to the will has no effect on the exemption and does not render the homestead subject to debts.

In Larson v. Curran, 121 Minn. 104, 140 N. W. 337, 44 L.R.A. (N.S.) 1177, the testator was a widower and had no children. He devised all his property, including his homestead, to his sister. There was

a substantial amount of property other than the homestead. His creditors claimed the homestead was subject to his debts and sought to have it sold and the proceeds applied in payment of debts against the estate. This court affirmed the holding of the trial court that the homestead so devised was not subject to testator's debts filed and allowed in the probate court. The estate was insolvent. If such a devise to a sister of the testator passes the homestead free of testator's debts, it follows that a like devise to testator's children does not render the homestead subject to testator's debts. The case follows Eckstein v. Radl, 72 Minn. 95, 75 N. W. 112, in that respect. These two cases settle the question that a devise of a homestead, consented to by the surviving spouse, does not of itself render the homestead subject to the testator's debts.

■ Does the general direction in the will for the payment of debts charge the homestead with the debts? The question was fully considered in Larson v. Curran, 121 Minn. 104, 140 N. W. 337, 44 L.R.A. (N.S.) 1177, and the conclusion reached that the general direction to pay testator's debts out of his estate is not sufficient to charge the homestead with the debts. That holding has not been overruled or departed from by this court.

A testator may, by express provisions of his will, make his debts a charge upon his homestead, where the will is consented to by the surviving spouse. But something more is required than a general direction to pay the debts. In Connelly v. McMahon, 122 Minn. 113, 142 N. W. 16, the will expressly directed the executor to sell all the real estate and out of the proceeds to pay all just debts. This, together with other provisions of the will, was held to charge the homestead, as well as the other real estate, with payment of the debts.

In the case of In re Estate of Chase, 182 Minn. 271, 234 N. W. 294, there was in the will a general direction to pay debts and a further express provision that the homestead, which was all the real estate owned by the testator, be sold for the purpose of carrying out the provisions of the will. There were other circumstances shown, such as that the claim presented was for money loaned to

the testator for making payment on the purchase price of the homestead and that the homestead was substantially all the property of the testator. It was accordingly held that the will charged the homestead with the payment of the debts. In our present case, the will does not direct the sale of the homestead for the payment of debts or in terms make the debts a charge upon the homestead, and there was a substantial amount of personal property subject to the payment of debts. The general provision for the payment of debts in the will here in question cannot be distinguished from the provisions contained in the wills in Eckstein v. Radl, 72 Minn. 95, 75 N. W. 112, and Larson v. Curran, 121 Minn. 104, 140 N. W. 337, 44 L.R.A. (N.S.) 1177, and we hold that the present will did not charge the homestead with the payment of debts.

There remains the question of whether the devisees, the two sons of the testatrix, waived their right to claim as exempt the proceeds of the sale of the homestead. Waiver is largely a matter of intention. It depends also to some extent upon the situation of the parties and their interest in the subject matter wherein the waiver is claimed. When the will of Mrs. Overvold was admitted to probate it became effective, and the two sons became the owners of this homestead, subject only to the mortgage lien thereon. Neither before nor after that date did the general creditors of her estate have any interest in or right to the homestead or its proceeds. It was the property of the two sons, free of any claim of the general creditors of the estate. The debts of the estate were such that if the sons have waived their rights to the proceeds of the homestead they receive nothing out of the estate and the creditors receive all thereof. If the sons have waived their rights, it amounts to a pure donation by them to the creditors of property on which the creditors never had any claim.

The sons were in this position: There was a large mortgage lien covering the entire quarter section of land. The estate did not have other funds or property sufficient to pay the mortgage. One of the purposes of selling the land, as stated in the petition of the administrator, was to raise funds to pay the mortgage so as to

prevent a foreclosure thereof. In that situation, it was for the best interest of the sons as well as the estate to have the entire tract of land sold. They might then well stand by and, as found by the court, consent to such a sale without waiving any of their rights to any surplus resulting from the sale of the homestead. They themselves could have sold the homestead at that time subject only to the mortgage lien, and no general creditor of the estate could have complained.

Where waiver operates merely to dispense with notice or other formal requirement in a matter or proceeding or to defeat a forfeiture, it is favored; but where the effect of a waiver is to deprive a party of a substantial property right without consideration, so that in effect it works a forfeiture, it is not favored. In such cases it should be necessary to show that the party claiming the waiver has been led to act thereon to his detriment. Orr v. Sutton, 127 Minn. 37, 58, 148 N. W. 1066, Ann. Cas. 1916C, 527.

An intention to waive an existing legal or property right must be clearly shown. Shearer v. Barnes, 118 Minn. 179, 136 N. W. 861; Kubu v. Kabes, 142 Minn. 433, 172 N. W. 496; Clark v. Dye, 158 Minn. 217, 197 N. W. 209; Clark v. Cargill Elev. Co. 158 Minn. 429, 197 N. W. 845. Giving full effect to the facts disclosed and found, they do not sustain the conclusion that the appellants waived their rights to the proceeds of the homestead. What has been said in reference to waiver disposes also of any question of estoppel.

■ The finding of the trial court that the probate court had no authority or jurisdiction to make the order awarding this fund to the appellants requires little consideration. The respondents, by appeal and certiorari, brought the order into the district court for review, appeared in the district court, litigated the issues on the merits in that court, and obtained a decision in their favor on the merits. The trial in the district court was a trial de novo. Respondents thereupon caused judgment to be entered in their favor. In that situation respondents are not in a position here to question the jurisdiction of the district court or the probate court on the present record.

■ Some point is made of the fact that under this will the surviving husband was not provided for and so was not required to ·elect to take under the will or to renounce the will. But the necessity of an election arises only where the surviving spouse has not consented in writing to the disposition made by the will. Where there is a written consent to the disposition of the property by will, under § 8719, at the time the will is made, the consent validates the disposition made, and it is immaterial then whether the will makes any provision for the surviving spouse.

The disposition of the case on this appeal presents some difficulty. The probate court, as far as shown by the record, has had no hearing upon the· administrator's final account or made any order settling the same, and the district court, among other things, properly directed the probate court to order such a hearing and settle the administrator's account.

The judgment appealed from is reversed with directions to the district court to amend its conclusions of law and judgment so as to remand the case to the probate court for a hearing and final settlement of the administrator's account, and then to make distribution of the balance of the fund found to be in the hands of the administrator by awarding to these appellants such part thereof as is proceeds from the sale of the homestead, or all thereof if all of such fund is found to be proceeds from the sale of the homestead, and, if any balance remains, to order same paid pro rata to the general creditors.

Reversed and remanded.